OSCAR BLAKELEY *et al.* Appellees, *vs.* HENRY MANSFIELD
*et al.* Appellants.

*Opinion filed June 22, 1916.*

1. WILLS—*when remainder to children of life tenant is contingent.* A devise of land to the testator's son for life, and after his death the land to go to and descend to his children, if any survive him, or in the event of his death before the taking effect of the will then to his child or children surviving, or their descendants, creates a contingent remainder in the children of the life tenant.

2. SAME—*when words "die without issue" mean without children surviving.* Whether the words "die without issue" shall be construed to mean without having had issue or without children surviving must be determined from a reading of the entire will, and in the absence of anything to the contrary they will be construed to mean without children surviving, where the devise of the remainder to the brothers and sisters of the life tenant in case he dies without issue follows a devise of the remainder to the children of the life tenant who may survive him, and in such case both remainders are contingent.

3. REAL PROPERTY—*when contingent remainders are destroyed.* Where the owner of a life estate with contingent remainders to his children if any survive him, and to his brothers and sisters if he shall die leaving no children surviving, conveys the land to a third party, and the life estate so conveyed passes by conveyance or inheritance to the children of the purchaser, the execution to such children of deeds to the reversion by the heirs of the testator merges the life estate and the reversion and the contingent remainders are destroyed.

APPEAL from the Circuit Court of Mason county; the Hon. GUY R. WILLIAMS, Judge, presiding.

A. V. D. ROUSSEAU, for appellants.

LYMAN LACEY, JR., for appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Mason county construing the last will and testament of Henry Mansfield, Sr., and quieting title to certain lands in that county.

Henry Mansfield, Sr., died testate May 29, 1893, leaving surviving him his widow and nine children. To each of the children he devised a life estate in certain real estate. To his son Henry Mansfield, Jr., he devised a life estate in considerable real estate situated in Mason county, about three hundred acres of which is the land involved in this suit. After making the devises to his children in separate clauses, Mansfield provided by the eleventh clause of his will as follows: "It is by this my last will and testament expressly provided that all the lands, tenements and real property hereinbefore specifically devised to my said children, and each of them, shall be had and held by them, and each of them, solely for their natural life and after their death to go and descend to their children, if any survive them, in fee simple, or in the event of the death of any of my said children before the taking effect of this will, then to his or her or their child or children surviving, or their descendants, provided, however, should any of my said children to whom such lands herein described are given, die without issue, then such lands shall be equally divided among their brothers and sisters or their descendants."

On July 21, 1903, Henry Mansfield, Jr., sold about three hundred acres of the lands devised to him in Mason county to Rufus Blakeley. At that time he had a divorced wife and three children,—Margaret, Henry and Elias B.,—living at Lincoln, Nebraska. Blakeley was advised that if a guardian for these three children were appointed by the county court of Mason county, and that court, upon application, ordered a sale of the interests of the minors in this property, the purchaser at the sale, upon receiving a deed from Henry Mansfield, Jr., conveying his life estate, would acquire a perfect title. Pursuant to this advice a guardian for the minor children of Henry Mansfield, Jr., was appointed by the county court of Mason county and an order procured for the sale of their interests in the three hundred acres of land in question. Conveyances were made to

Blakeley by the guardian and by Henry Mansfield, Jr., and in consideration thereof Blakeley paid off a mortgage of $3000 on this land, paid Henry Mansfield, Jr., $7868.88, and the guardian of the three minor children $6531.12, which it is conceded was the full market value of the land at that time. Henry Mansfield, Jr., has since married again, and two children, John and Brasher, have been born to this union.

Rufus Blakeley died testate April 12, 1912. During his lifetime he conveyed to his daughter Edith Prettyman one hundred and forty acres, and to Edith Prettyman and her husband, Henry D. Prettyman, forty acres of the land in question. By his last will and testament he devised eighty acres of this land to his daughter Daisy Hill and twenty acres to his son Walter Blakeley. As to the remaining twenty acres he died intestate and this portion of the land descended to his nine children. Shortly before his death he was informed that he held only an estate during the life of Henry Mansfield, Jr., in these lands. He was advised to secure deeds from the heirs-at-law of Henry Mansfield, Sr., who, he was told, owned the reversion in fee, and thus perfect his title. Before this could be accomplished Blakeley died, and his children have since procured deeds from the heirs-at-law of Henry Mansfield, Sr., to the lands in question, they deeding to Edith Prettyman and Henry D. Prettyman the lands conveyed to them by Rufus Blakeley, to Daisy Hill and Walter Blakeley the lands devised to them, respectively, and to all the children of Rufus Blakeley the twenty acres as to which he died intestate. These deeds recited that it was the purpose and desire of the grantors to convey to the grantees the reversion in fee to the premises conveyed and no other interest whatever, so that the life estate so held by the grantees under conveyances, devises and inheritance from Rufus Blakeley should merge in the reversion in fee and be extinguished and prematurely destroyed, and that the grantees be vested at once with the

legal estate in fee simple in possession and that any contingent future interest be destroyed and held for naught. Two of the children of Henry Mansfield, Jr., by his first marriage, who have become of age, also executed conveyances to the children of Rufus Blakeley of the lands in question. After these conveyances had been secured the Blakeley children filed this bill in the circuit court of Mason county to construe the will of Henry Mansfield, Sr., and to quiet their title to these lands. The court found the issues for the complainants in the bill, and decreed that the estate given by the will of Henry Mansfield, Sr., in these lands at the death of Henry Mansfield, Jr., to the children of Henry Mansfield, Jr., if any such children should survive him, and the estate given by the will in said lands to the brothers and sisters, or their descendants, of Henry Mansfield, Jr., in the event of his death without issue him surviving, were each and all contingent remainders, and that the particular estate which supported said contingent remainders was the life estate vested by the will in Henry Mansfield, Jr.; that said life estate became vested in Rufus Blakeley by virtue of the deed of July 21, 1903, and by virtue of the deeds and devises and the intestacy of Rufus Blakeley as to twenty acres of said land, became vested in the children of said Rufus Blakeley; that the contingent remainders in these lands in the children of Henry Mansfield, Jr., should any such survive him, and the contingent remainders in the brothers and sisters, or their descendants, of Henry Mansfield, Jr., were prematurely extinguished by the merger of the estate for life of Henry Mansfield, Jr., and the reversion in fee, by virtue of the conveyances from the heirs-at-law of Henry Mansfield, Sr., in the children of Rufus Blakeley. The title to the lands was accordingly quieted in the children of Rufus Blakeley according to their respective ownership.

This appeal has been perfected by the guardian *ad litem* of the three minor children of Henry Mansfield, Jr. The

sole question presented for determination is, whether the devise to the children of Henry Mansfield, Jr., should any survive him, and the devise to his brothers and sisters or their descendants, should he die without issue, created contingent remainders, and, if so, whether such contingent remainders have been destroyed by the conveyances from the heirs-at-law of Henry Mansfield, Sr., to the owners of the life estate devised to Henry Mansfield, Jr.

The devise to the children of Henry Mansfield, Jr., clearly creates a contingent remainder. Whether the devise to the brothers and sisters, or their descendants, of Henry Mansfield, Jr., creates a contingent remainder depends upon the meaning to be given to the words "die without issue," as used in the eleventh clause in connection with the devise. If these words are used by the testator to mean die without children surviving, and are meant to import a definite failure of issue at the time of the death of the life tenant, then the devise to the brothers and sisters, or their descendants, creates a contingent remainder. That this is the sense in which these words are used seems to us to be apparent. In construing this will and determining the meaning which should be given to the words "die without issue," all the provisions of the will must be looked to, and, if possible, the meaning which the testator intended to give these words should be applied. If, upon making such examination, it appears clearly from the entire will that the testator intended the limitation over to take effect only in case Henry Mansfield, Jr., should die without issue surviving him, that intention should be given effect. (*Stafford* v. *Read,* 244 Ill. 138.) In this same clause the testator provides that the lands devised to his children shall be held by them solely for their natural lives, and after their death to go to their children, if any survive them, or in the event of the death of any of his children before the taking effect of the will, then to his or her or their child or children surviving, or their descendants. Then follows the provision that

should any of his children die without issue then the lands devised shall be equally divided among their brothers and sisters or their descendants. It is clear when this whole clause is considered that the testator used the word "issue" in the sense of children, and that by this provision he meant that should any of his children die without children surviving, then the lands devised should be divided among their brothers and sisters or their descendants. The remainders over, whether Henry Mansfield, Jr., died with or without issue, were contingent.

It only remains, then, to determine the effect of the conveyances from the heirs-at-law of Henry Mansfield, Sr., to the grantees, devisees and heirs-at-law of Rufus Blakeley. By the deed of July 21, 1903, Rufus Blakeley acquired the life estate of Henry Mansfield, Jr., and by conveyances, devises and inheritance the children of Rufus Blakeley succeeded to this life estate. In *Bond* v. *Moore,* 236 Ill. 576, it was held that where a testator devised a life estate in lands to his sole heir-at-law and the remainder limited to take effect upon the death of the life tenant is contingent, the reversion in fee descends to the heir-at-law pending the vesting of the remainder, and that a conveyance of the life estate and of the reversion in fee to the same person will operate to destroy the life estate, which becomes merged in the fee, and to defeat the contingent remainder, which no longer has a particular estate to support it. To the same effect are *Belding* v. *Parsons,* 258 Ill. 422, *Barr* v. *Gardner,* 259 id. 256, *Messer* v. *Baldwin,* 262 id. 48, and *Hill* v. *Hill,* 264 id. 219.

Following the holding in *Bond* v. *Moore, supra,* the decree of the circuit court must be affirmed. There is no essential difference between that case and this. Here the testator devised a life estate to one of his sons, who conveyed the same to Blakeley, whose children, in turn, succeeded to his title. Thereafter the heirs-at-law of the testator, to whom had descended the reversion in fee pending the vest-

ing of the remainder, conveyed said reversion to the then holders of the estate for the life of Henry Mansfield, Jr. The life estate and the reversion in fee were thus combined in the same persons, destroying the life estate and defeating the contingent remainder.

The decree of the circuit court is affirmed.

*Decree affirmed.*