(No. 11034.)

## HARLEY B. BROWN et al. Appellants, vs. CLARA MAE KAMERER, Appellee.

*Opinion filed December 21, 1916.*

1. WILLS—*when remainders to grandchildren after successive life estates are contingent.* Where a testator devises all of his property to his wife for life and portions of the land at her death to each of his children for life, with remainders to their children surviving them, the remainders after the successive life estates are contingent, since it cannot be known until the death of the life tenants in whom the remainders will vest.

2. SAME—*when the reversion in fee descends to the testator's heirs.* Where remainders are devised to the surviving children of certain life tenants but there is no devise of the fee in the event any of such life tenants shall die leaving no surviving children, the reversion in fee descends to the testator's heirs.

3. ADMINISTRATION—*existence of other interests does not prevent sale of interest in reversion in fee to pay debts of estate.* The existence of life estates, dower or other interests in a tract of land does not prevent a sale of an interest in the reversion in fee which has descended to an heir subject to the vesting of contingent remainders to the children of the life tenants surviving them, and such interest may be inventoried and sold by his administratrix to pay the debts of the estate.

4. SAME—*who need not be made parties to petition for order on administratrix to inventory interest in land.* Upon filing a petition for an order on an administratrix to inventory an interest of the deceased in a reversion in fee in order that it may be subjected to sale to pay the debts of his estate, contingent remainder-men who will take the fee if they survive the life tenants need not be made parties, although they would be necessary parties to the petition of the administratrix to sell such interest.

5. SAME—*lack of means is not a sufficient answer to a petition against administratrix for order to inventory interest of deceased in land.* That the administratrix has no means to commence proceedings is not a sufficient answer to a petition against her for an order upon her to inventory an interest of the deceased in land in order that it may be sold to pay debts of the estate, but where the interest sought to be inventoried is so small that a sale may not bring enough to pay costs, the administratrix ought not to be compelled to institute proceedings without indemnity against the expenses of the proceeding and sale.

APPEAL from the County Court of Stark county; the Hon. FRANK THOMAS, Judge, presiding.

T. W. HOOPES, F. B. BRIAN, and J. W. FLING, JR., for appellants.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county court of Stark county dismissed the petition of the appellants, who had claims of the seventh class amounting to $3021.34 against the estate of Lewis A. Kamerer, for an order requiring the appellee, as administratrix of the estate, to inventory an interest in the real estate of which Lewis A. Kamerer was seized at his death and to file a petition to sell the same to pay said claims, and the petitioners appealed.

Andrew Kamerer was the owner in fee simple at the time of his death, on January 1, 1906, of lands in Stark county. He left Linda Kamerer, his widow, and his son Lewis A. Kamerer and five other children his heirs-at-law. By his will he gave all his property, real and personal, to his wife, Linda Kamerer, for life. By the seventh clause of his will, and the codicil thereto, he devised to his son Lewis A. Kamerer for life a portion of the lands after the death of Linda Kamerer, with remainder at the death of Lewis A. Kamerer to his children, if he should leave any children surviving him. In like manner by other clauses of the will he made similar devises of other portions of the lands to his other five children of life estates after the life estate of Linda Kamerer, with remainder to the children of the several devisees if they should leave children surviving them. Lewis A. Kamerer died intestate on November 26, 1914, leaving two children surviving him. The widow and the other children are all living and each of the other children has children now living. The defendant answered the petition, averring her willingness to sell any right, title or

interest that Lewis A. Kamerer had in any of the lands but denying that he had any interest to be sold, and alleged that she had no money with which to commence proceedings or contest titles, and that the children of the devisees claimed title to the property and all should have been made parties to the petition.

Upon the death of Lewis A. Kamerer leaving two children surviving him, the remainder after the life estate devised to him vested in the children. The remainders after the successive life estates of Linda Kamerer and the several living children are contingent, since it cannot be known until the death of the life tenants in whom the remainders will vest. (*Golladay* v. *Knock,* 235 Ill. 412; *Collins* v. *Sanitary District,* 270 id. 108; *Barr* v. *Gardner,* 259 id. 256; *Smith* v. *Chester,* 272 id. 428.) There was no devise of the fee in the event that any of the devisees should die leaving no surviving children, and the reversion in fee descended to the testator's heirs. (*Peterson* v. *Jackson,* 196 Ill. 40; *Messer* v. *Baldwin,* 262 id. 48; *Bond* v. *Moore,* 236 id. 576.) One-sixth of that interest descended to Lewis A. Kamerer on the death of the testator, and he had that interest at the time of his death. The existence of life estates, dower or other interests does not prevent a sale of the interest of Lewis A. Kamerer for the payment of his debts. (*Kenley* v. *Bryan,* 110 Ill. 652.) It was not necessary to make the children of the devisees parties to this petition, for the reason that titles could not be adjudicated, although they would be necessary parties to a petition to sell. The defendant answered that she had no means to commence proceedings, but that is not a sufficient answer, as the same condition would exist in every case under the statute requiring the personal estate to be first exhausted. The petition showed an interest in Lewis A. Kamerer in one-sixth of a reversion in fee in the lands devised to his brothers and sisters, but with children of all the devisees living, his interest might, as claimed in the answer, be of trifling value, and the de-

fendant ought not to be compelled to institute proceedings
without indemnity against costs and expenses of a proceed-
ing and sale, as under the facts alleged a sale might not
bring enough to pay such costs.

The decree is reversed and the cause remanded.

*Reversed and remanded.*