(No. 11781.—Decree affirmed.)

CLARA MAE KAMERER, Admx., Appellee, *vs.* CHARLES KAMERER *et al.* Appellants.

*Opinion filed December 19, 1917.*

1. RES JUDICATA—*when decision construing will is not res judicata as to devisees and heirs.* Devisees and heirs who were not parties to a proceeding by creditors to require an administratrix to sell an interest of the deceased in land are not bound by the decision of the Supreme Court construing the will and finding that a reversion in fee was vested in the deceased, and they are entitled to a full hearing on such question on appeal from the order of sale.

2. WILLS—*when a reversion in fee descends to the heirs-at-law.* Where a testator, after giving his wife a life estate in all of his land, devises a separate tract to each of his six children for life with remainder to their several children if they leave any surviving, and if any of the children shall die without leaving surviving children then the particular tract devised shall go to the testator's heirs-at-law then living, the concurrent remainders are contingent during the existence of the life estates and the reversion in fee descends to the heirs-at-law subject to the contingent remainders.

3. EXECUTORS AND ADMINISTRATORS—*any interest in land may be sold for the payment of debts of an estate.* Any estate or interest in land, of whatever kind or whether worth much or little, may be subjected to sale for the payment of debts of an estate.

APPEAL from the County Court of Stark county; the Hon. FRANK THOMAS, Judge, presiding.

DAN R. SHEEN, for appellants Charles Kamerer and Sarah Bryan.

M. L. HAY, guardian *ad litem,* for minor appellants.

J. H. RENNICK, and T. W. HOOPES, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Creditors of Lewis A. Kamerer, deceased, who had proved claims against his estate amounting to $3021.34, filed their petition in the county court of Stark county praying for an order requiring Clara Mae Kamerer, administratrix of the estate, to inventory an interest in real estate which it was alleged was vested in Lewis A. Kamerer at his death, and to file a petition for leave to sell the same to pay their claims. The administratrix answered the petition, averring her willingness to sell any right, title or interest that Lewis A. Kamerer had in the lands but denying that he had any interest, and alleging that she had no money with which to commence proceedings or to contest titles with devisees under the will. The court dismissed the petition and the petitioners appealed. It was found by this court that a reversion in fee in the lands in question descended to the heirs-at-law of Andrew Kamerer, deceased, subject to contingent remainders devised by his will; that an undivided one-sixth of said reversion in fee descended to Lewis A. Kamerer as one of the heirs and was vested in him at the time of his death, and that such interest was subject to sale for the payment of his debts. It appeared from the facts alleged that a sale might not bring enough to pay the costs of the proceeding and sale, and that the administratrix should not be required to incur such costs and expenses unless indemnified against them. (*Brown* v.

*Kamerer,* 276 Ill. 69.)   In accordance with the decision of this court the administratrix filed her petition alleging that Lewis A. Kamerer was the owner, at the time of his death, of the undivided one-sixth of the reversion in fee of the lands in question, subject to the life estate of Linda Kamerer, widow of Andrew Kamerer, and the succeeding life estates of the children of Andrew Kamerer devised by the will, and also subject to be divested by the vesting of contingent remainders after such life estates limited to grandchildren living at the termination of the life estates or heirs-at-law of the testator then living, and praying for leave to sell such interest for the payment of debts.   The widow, Linda Kamerer, the five children of Andrew Kamerer to whom life estates were devised, and the grandchildren, were made defendants.   The widow and three of the children were defaulted.   The other two children, Charles Kamerer and Sarah E. Bryan, demurred to the petition, and their demurrer being overruled they elected to stand by it. A guardian *ad litem* was appointed for some minor defendants, and answers were filed, by leave of court, for the other minors by their natural guardians.   The court heard the evidence and entered a decree granting the relief prayed for, and from that decree Charles Kamerer, in his own right and as guardian of his minor child, Kermit Kamerer, and Sarah E. Bryan, in her own right and as guardian of her minor children, Madge Bryan and Pauline Bryan, appealed.

The will of Andrew Kamerer was construed in *Brown* v. *Kamerer, supra,* but the decision is not *res judicata* as to appellants because they were not parties to the suit, and they are entitled to a hearing upon every question affecting their interests.

Andrew Kamerer at the time of his death, in 1906, was the owner of 320 acres of land in Stark county.   By his will he devised all his property to his widow, Linda Kamerer, for life, and she is still living.   Upon her death the lands were devised in six separate tracts, by separate clauses

of the will, to his six children, Charles W. Kamerer, Lewis A. Kamerer, Anna Bamber, Mary O. Emery, Sarah E. Kamerer, (now Sarah E. Bryan,) and Madeline Kamerer, (now Maude Webster,) during their several lives, and upon the death of each one the tract devised to such child was to go to the children of the devisee, if he or she should leave children surviving him or her. The eleventh clause was, in part, as follows: "All of said described real estate situated in township No. 12, north, and range 5, east of the fourth principal meridian, in the county of Stark, in the State of Illinois; provided, and all the foregoing gifts and devises of real estate are made upon the express condition, that none of said described real estate, nor the interest of the said devisees, respectively, nor any or either of them therein, shall be sold, mortgaged, traded or exchanged or otherwise disposed of by or during the lifetime of said devisees, respectively, and in case any or either of them die without issue or leave no children or child surviving him or her, then and in that case the lot, piece or tract of real estate herein devised to him or her, respectively, shall revert to my heirs-at-law then living. And in no case and under no circumstances whatever shall any of my property go to or for the benefit of Anna Kamerer, wife of my son Lewis A. Kamerer."

The devise to Lewis A. Kamerer for life and upon his death to his children, if he should leave children surviving him, was of the east one-half of the southeast quarter of section 15, except about one acre devised to Charles W. Kamerer. Lewis A. Kamerer died on November 26, 1914, leaving Lucy M. Kamerer and Laura L. Kamerer, his children, and the remainder after the life estate of Linda Kamerer vested in them in fee simple. The contingency upon which the remainder in that tract of land was to vest having occurred, the reversion in fee in the heirs of the testator came to an end and that tract is no part of the 240 acres in controversy.

The remainders after the successive life estates of the widow and children are to go to the children of the several devisees if they leave children surviving them, and in case there are no children surviving, the remainders are to go to the heirs, generally, of the testator then living, and such heirs are not restricted to any particular class. The provision that the land should revert to the heirs of the testator living at the termination of the life estate means that it is to go to such heirs. (*Johnson* v. *Askey*, 190 Ill. 58.) The remainders after the life estates are to go to the children of the devisees if they leave children surviving them, and are contingent, because it cannot be known until the death of each child of the testator whether such child will leave children surviving or not. The remainders limited to the heirs generally of the testator living at the termination of the respective life estates of his children are contingent, depending upon the dubious and uncertain event of the life tenant dying leaving no children surviving him. These concurrent remainders are contingent and not vested, and the fee not being finally disposed of, is not now vested in anyone by virtue of the will and the reversion in fee descended to the heirs-at-law of the testator. (*Peterson* v. *Jackson*, 196 Ill. 40; *Bond* v. *Moore*, 236 id. 576; *Barr* v. *Gardner*, 259 id. 256; *Messer* v. *Baldwin*, 262 id. 48.) It is true that the contingency upon which one or the other of the remainders will vest is certain to happen and thereby at some time the reversion in fee which descended to the heirs will be divested, and until the contingency happens the heirs-at-law of Andrew Kamerer have no right of possession or enjoyment of the property, so that the reversion is of no value unless there should be a merger of the reversion in fee with a present estate in possession and the consequent destruction of contingent interests. It was for this reason that the indemnity of the administratrix against costs and expenses was required, but an estate or interest in land, of whatever kind or whether worth much or little, may be sub-

jected to sale for the payment of debts of an estate. *Kenley* v. *Bryan,* 110 Ill. 652.

The court did not err in ordering a sale of the reversion in fee which was vested in Lewis A. Kamerer at the time of his death, and the decree is affirmed.

*Decree affirmed.*