(No. 33633.—

Oscar Roper, Appellee, *vs.* Carl Finney, Exr., *et al.,* Appellants.

*Opinion filed November 23, 1955—Rehearing denied Jan. 16, 1956.*

ELMER JENKINS, of Benton, for appellants.

HICKMAN & HICKMAN, and EVERETT LEWIS, both of Benton, for appellee.

Mr. CHIEF JUSTICE HERSHEY delivered the opinion of the court:

This is an appeal from the circuit court of Franklin County, which in a partition decree found that the title to the real estate here involved was in plaintiff-appellee, Oscar Roper, and defendants-appellants, Carl and Lawrence Finney, as surviving spouse and children, respectively, of Alice Finney Roper, deceased. A freehold being involved, this court has jurisdiction on direct appeal.

The principal issue in the case is whether the remainder interests created in the seventh clause of the will of I. J. Shew (Alice Finney Roper's father) were vested or contingent. Said provision of the will, which was probated in 1926, is as follows:

"SEVENTH: I will and devise to my Daughter, Alice M. Finney, for and during her natural life, the surface of the East Half of the South East One-fourth of the South West Quarter of Section Thirty-four (34), Township Six (6) South, Range Two (2) East of the Third P.M. in Franklin County, Illinois. Also [follows description of other real estate not involved in this partition suit] * * * Should the said Alice M. Finney die, and leave any child or children, or the descendants of any child or children, said property so willed and devised to Alice M. Finney, shall, at her death, descend to said child or children, or the descendants of said child or children, according to the Statutes of Descent of the State of Illinois. Should the said Alice M. Finney not leave, at her death, any child or children, or descendants of any child or children, said property shall then revert to my legal heirs, according to the Statutes of Descent of the State of Illinois."

At the time of the testator's death, Alice M. Finney and her two sons, appellants Carl and Lawrence Finney, were living. Several years later, in 1944, the sons by quitclaim deed conveyed what interest they had in the property to their mother. Thereafter in 1944, Alice M. Finney married the appellee, Oscar Roper. No children were born to them.

Alice Finney Roper died in 1953, and by her will she left all her property to her sons, appellants Carl and Lawrence Finney. Her husband, appellee Oscar Roper, renounced the will and elected to take as a surviving spouse.

The circuit court found that said clause seven created a vested remainder in Carl and Lawrence Finney, who were living at the testator's death. Therefore, by their quitclaim deed in 1944 they transferred this interest to their mother, and she died seized of the property so as to entitle her husband, Oscar Roper, to his statutory share therein upon renunciation of the will.

The appellants contend that during their mother's lifetime they had only contingent remainders, and therefore their quitclaim deed, which made no provision for transferring the after acquired title, was not effective to convey the interest which indefeasibly vested in them at her death.

An analysis of the language of the will indicates that there were no remainder interests which vested during the lifetime of Alice, the life tenant. Rather, the apparent intention of the testator is that the interests in remainder were to remain contingent until the termination of the life estate.

First, the testator creates a life estate in Alice, and remainder interests in certain individuals (Alice's children, or the descendants of a child or children) whom she leaves at her death. The reference to descendants obviously applies to the case of a child of Alice who predeceases her. Thus, the eligible takers are not members of a single class but certain, identifiable persons living at her death; namely, Alice's children then surviving and the then living descendants of any predeceased child or children. Who these people would be, of course, could not be ascertained until the termination of the life estate.

It is argued, however, that the language thus imposing a condition of survivorship merely postpones "vesting" in possession until the life tenant's death rather than vesting in title. Yet, if this be true, the insertion of the provision for descendants of a predeceased child would conflict with the construction thus adopted. For if the interest of a child who died prior to the death of the life tenant were vested, (subject only, as appellee says, to being divested if no child survives the life tenant and the alternate gift takes effect,) then the interest of such child failing to survive the life tenant would go to the heirs or devisees of such child and not to his descendants as the will provides.

Second, in addition to this condition of survivorship (consistently considered indicative of contingency, as pointed

out in cases subsequently cited), there are also words of futurity which to some extent manifest an intention that the remainder interests were to vest in title, if at all, at the death of the life tenant, and not before. The will states that the property "shall, at her death, descend * * * according to the Statutes of Descent of the State of Illinois."

Although in case of doubt courts usually favor that construction which will vest the remainder at the earliest opportunity, it is nevertheless the intention of the testator that controls. The purpose of construing a will is to give it that meaning which the words used warrant. While there are distinguishing features, the following cases generally support the construction we here adopt: *Citizens National Bank of Alton* v. *Glassbrenner*, 377 Ill. 270; *Riddle* v. *Killian*, 366 Ill. 294; *Fisher* v. *Easton*, 299 Ill. 293; *Friedman* v. *Friedman*, 283 Ill. 383; *Kamerer* v. *Kamerer*, 281 Ill. 587; *Blakeley* v. *Mansfield*, 274 Ill. 133; *Smith* v. *Chester*, 272 Ill. 428; *Golladay* v. *Knock*, 235 Ill. 412.

Thus concluding that Alice's children, Carl and Lawrence Finney, had only contingent interests during their mother's lifetime, the further question pertaining to the effect of their 1944 quitclaim deed must be considered. This deed contained no provision for conveying after-acquired title. Such being the case, this deed did not convey to the life tenant the title which by the course of the will subsequently vested in them. *Citizens National Bank of Alton* v. *Glassbrenner*, 377 Ill. 270; *Johnston* v. *Herrin*, 383 Ill. 598.

The decree of the circuit court of Franklin County is reversed.

*Decree reversed.*