BERNARD F. WHALEN *et al.*, Plaintiffs-Appellees, v. JOSEPH H. WHALEN, in his capacity as Trustee, Defendant-Appellant.

Third District   No. 3—91—0092

Opinion filed August 23, 1991.

Claudon, Lloyd, Barnhart & Beal, Ltd., of Canton (James Lloyd, of counsel), for appellant.

William H. Campbell and Linda L. Laugges, both of Keck, Mahin & Cate, of Peoria (Robert M. Riffle, of counsel), for appellees.

JUSTICE McCUSKEY delivered the opinion of the court:

The defendant, Joseph Whalen, testamentary trustee of the estate of Kathryn Joan Whalen, deceased, appeals the ruling of the trial court finding that plaintiffs are vested remaindermen entitled to an accounting from the trustee. We affirm.

Decedent was married to Joseph Whalen, the defendant, and they had five children, Bernard, Patrick, Barbara, Susan, and Kathleen. Bernard and Patrick are the plaintiffs in the present action.

Kathryn Joan Whalen died testate on March 12, 1980. Decedent's will was admitted to probate on March 24, 1980. Defendant was appointed executor and trustee of the marital deduction trust and residual trust. These are two separate and distinct trusts created by decedent's will. Defendant was granted a life estate in the income derived from both trusts with the right to withdraw such amounts of the corpus as he deemed necessary for his welfare, maintenance, and health.

Decedent's will provided in pertinent part as follows:

"B. On the death of my husband, Joseph H. Whalen, or on my death if he predeceased me (hereinafter called the 'division date'), the trustee shall distribute to my daughter, Kathleen Jo Whalen, if she is living, the sum of $50,000.00 ***.

C. I give the remaining assets in the Residuary Trust *per stirpes to my children*, share and share alike. Except as provided in subparagraph (4) below, the trustee immediately shall distribute each trust created for the descendants of a deceased child per stirpes to such descendants ***". (Emphasis added.)

In 1990, plaintiffs filed a complaint for an accounting and other similar relief against defendant. The trial court determined that plaintiffs were vested remaindermen entitled by law to an accounting from defendant as to the activities of the residual trust. We agree.

Defendant argues that because he holds a life estate in the income and corpus of the residual trust, he does not have a duty to account to plaintiffs. There is no merit to this argument.

■ At common law, a trustee has a duty to render an accounting at reasonable times to the income beneficiaries and vested remaindermen. *Bullis v. Du Page Trust Co.* (1979), 72 Ill. App. 3d 927, 391 N.E.2d 227.

■ Illinois has recently adopted the Trusts and Trustees Act (the Act) (Ill. Rev. Stat. 1989, ch. 17, par. 1651 *et seq.*). Defendant main-

tains that the Act supersedes the common law and the trial court misapplied or disregarded the applicable provisions of the Act. Defendant makes particular reference to Section 11, which provides:

> "Section 11. Accounts. (a) Every trustee at least annually shall furnish to the beneficiaries then entitled to receive or eligible to have the benefit of the income from the trust estate an account showing the receipts, disbursements and inventory of the trust estate." Ill. Rev. Stat. 1989, ch. 17, par. 1681(a).

According to section 11, trustees owe a duty to account to the beneficiaries who are "then entitled to receive or eligible to have the benefit of the income from the trust estate." (Ill. Rev. Stat. 1989, ch. 17, par. 1681(a).) Defendant insists that plaintiffs are not beneficiaries of the residual trust, nor vested remaindermen who would qualify for such an accounting. Therefore, the defendant argues the plaintiffs have no standing to maintain a cause of action requiring an accounting. We disagree. We find the plaintiffs to be vested remaindermen.

■ Under the common law, if plaintiffs are found to be vested remaindermen, defendant's duty to account *cannot* be waived or modified and a court is empowered to compel a trustee to render an accounting. G. Bogert, Trusts & Trustees, §973 (2d ed. 1982).

■ The Illinois Supreme Court has defined the term "vested remainder" as follows:

> "A vested remainder is one which throughout its continuance gives to the remainderman or his heirs the right to immediate possession whenever and however the preceding estate may determine." *Chicago Title & Trust Co. v. Shellaberger* (1948), 399 Ill. 320, 334, 77 N.E.2d 675.

The Supreme Court also stated:

> "And whenever the person who is to succeed to the estate in remainder is in being and is ascertained, and the event which by express limitation will terminate the preceding estate is certain to happen, the remainder is vested." *Dyslin v. Wolf* (1950), 407 Ill. 532, 542, 96 N.E.2d 485.

■ In the present cause, both plaintiffs are in being and ascertainable. They are also ready to take immediate possession of their vested interest when the preceding life estate terminates. Plaintiffs possess a vested interest in the residue of the trust subject only to the life estate interest of the defendant. Even though plaintiffs may predecease defendant, that contingency does not defeat their vested interest. According to *Fleshner v. Fleshner* (1941), 378 Ill. 536, 541, 39 N.E.2d 9:

"The fact that the remainder-man may die before the life tenant and the remainder never become vested in possession, is not a test of whether the remainder is vested or contingent. It is not the uncertainty of the devise taking effect in possession that makes the remainder contingent, for that may occur in any case of remainder, but the test is whether there is a present capacity to take effect in possession, if the life tenant dies or for any reason the life possession becomes vacant, which universally distinguishes a vested remainder from one that is contingent."

In this case, the fact the total number of plaintiffs' descendents may increase or decrease does not affect the legal status of plaintiffs' vested remainder. This is especially true where as here the trust instrument mandates a *per stirpes* distribution of the assets of the residuary trust following the defendant's death.

Finally, courts favor vesting a remainder interest at the earliest opportunity. Courts are reluctant to construe a will in a manner which contravenes this general rule. An example of this construction is contained in *First Galesburg National Bank & Trust Co. v. Robinson* (1986), 149 Ill. App. 3d 584, 500 N.E.2d 995. This court held:

"These rules compel a finding in this case that both sons of the grantors took a present right to the remainder interest upon execution of the trust agreement. In other words, the remainder was immediately vested, although enjoyment of the estate was postponed until the life estates of the grantors had terminated. To conclude that *** had only a contingent remainder unless he survived both his parents would read into the trust words of survivorship which plainly are not present." 149 Ill. App. 3d at 586.

Accordingly, defendant owes a common law duty to account to the plaintiffs, who are clearly vested remaindermen with respect to the residue of the residual trust.

For the reasons indicated, the circuit court of McDonough County is affirmed.

Affirmed.

GORMAN and HAASE, JJ., concur.