JOHN K. SCHLOSSER *et al.*, Plaintiffs-Appellants, v. RUDOLPH O. SCHLOSSER, JR., Defendant-Appellee (Kurt Robert Schlosser *et al.*, Intervening Petitioners-Appellees).

First District (6th Division) No. 1—92—2222

Opinion filed May 14, 1993.—Modified on denial of rehearing July 9, 1993.

Vincent J. Pascucci, of Pascucci & Associates, of Chicago, for appellants.

Barry A. Feinberg and James W. Naisbitt, both of Chuhak & Tecson, P.C., of Chicago, for appellees.

JUSTICE EGAN delivered the opinion of the court:

The plaintiffs, John K. Schlosser and David P. Schlosser (John and David), are the nephews of the defendant, Rudolph O. Schlosser, Jr. (Rudolph), and the sons of Frank Schlosser (Frank). Frank and Rudolph are the only children of Mildred Schlosser (Mildred). Frank is not a party to this case. Mildred created an *inter vivos* trust and a will in 1981. The 1981 will explicitly revokes all prior wills, disposes of Mildred's personal property, and devises her residuary estate to the 1981 trust. Rudolph is named as the trustee of the 1981 trust, and the beneficiaries are his children. These children are the intervening petitioners in this case. Mildred died in 1985.

In November, 1986, John and David brought suit to set aside the 1981 trust, requesting that it be invalidated because Mildred did not have sufficient mental capacity to understand the nature of the trust and because the trust was executed through the undue influence of Rudolph. The plaintiffs also requested that Rudolph give an accounting. The complaint alleged that Mildred's prior will, executed in 1976, granted John and David a share of her estate.

The 1981 trust beneficiaries, Rudolph's children, were not named as parties and moved to intervene as defendants. The trial judge denied this motion and entered a default judgment against Rudolph. We reversed these orders and remanded the case on August 31, 1991, finding that the trust beneficiaries were necessary parties. (*Schlosser v. Schlosser* (1991), 218 Ill. App. 3d 943, 578 N.E.2d 1203.) We explicitly did not reach the question of John and David's standing to bring this suit.

After remand, Rudolph and the trust beneficiaries moved to dismiss the complaint under section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—619), alleging that the plaintiffs lacked standing to sue and had failed to name necessary parties, the trust beneficiaries. John and David responded to this motion by filing a section 2—616 motion (Ill. Rev. Stat. 1991, ch. 110,

par. 2—616), requesting leave to amend the complaint by adding the trust beneficiaries as additional defendants.

On May 15, 1992, the trial judge heard arguments on these motions. He recognized that the plaintiffs had filed a motion to correct any problem caused by not naming the trust beneficiaries as defendants, but stated, "this Court must deny that motion in view of the fact that the plaintiffs lack standing to sue." He continued:

> "Plaintiffs argue that they have standing under the 1976 will, even though it was expressly revoked by the 1981 will. The revoked will, however, only provides the plaintiffs with a contingent remainder interest, being contingent upon their surviving their father. *** Further, the revoked will does not provide plaintiffs with a present beneficial interest in medical care, support, education and welfare payments. *** Therefore, this Court finds that the plaintiffs have no standing to bring this action [and] the complaint is dismissed."

John and David now appeal this order.

The plaintiffs do not argue that either the 1981 will or 1981 trust gives them any interest in Mildred's estate, but assert that they have standing to sue to invalidate the 1981 trust because of their interests under the 1976 will.

Article III of the 1976 will creates a testamentary trust, divided into two shares, for Mildred's sons. This trust is composed of the residuary estate and the trustee is permitted to use the trust principal when necessary for Rudolph or Frank. Article III, section 1 provides:

> "1.(a) *Income to son.* The trustee *shall* pay the income from a son's trust in convenient installments, at least quarterly, to him during his lifetime.
>
> (b) *Invasion of principal.* The trustee *may* also pay to a son such sums from principal as the trustee deems necessary or advisable from time to time for his medical care, comfortable maintenance and welfare, and for the medical care, support, education (including college and post-graduate) and welfare of any decedent of his, considering the income of each of them from all sources known to the trustee." (Emphasis added.)

John and David first argue that they have a present beneficial interest in receiving support and money for their educations (support payments) under section 2 and section 1(b). Second, they claim that they are vested remaindermen under section 2 of article III.

In their initial brief in this court, John and David briefly mentioned the section 1 support provision, arguing that it gave them a "right" to support payments. They cited no cases in support of this

argument. They now contend that their right to support payments under section 1 is subject to a condition subsequent rather than a condition precedent.

The interest created in section 1 must be construed consistently with Mildred's intent, based on the entire will. (*Dyslin v. Wolf* (1950), 407 Ill. 532, 96 N.E.2d 485.) An interest is vested, rather than contingent, if it takes effect upon an event which *"must* happen some time." (Emphasis added.) (*Baley v. Strahan* (1924), 314 Ill. 213, 219, 145 N.E. 359.) A condition precedent in a grant makes the interest contingent, due to the uncertainty that the event necessary for vesting will occur, while the mere presence of a condition subsequent does not divest an otherwise vested interest. (4 H. Horner, Horner Probate Practice & Estates §§2289.1, 2292.1, at 7, 20 (4th ed. 1991).) A case cited by John and David explains the difference between conditions precedent and subsequent: " 'If the conditional element is incorporated into the description of, or into the gift to, the [interest taker], then the [interest] is contingent; but if, after words giving a vested interest, a clause is added divesting it, the [interest] is vested.' " *Baker v. Bates* (1966), 76 Ill. App. 2d 30, 35-36, 221 N.E.2d 302, quoting J. Gray, The Rule Against Perpetuities §108, at 98 (4th ed. 1942).

In *Maguire v. City of Macomb* (1920), 293 Ill. 441, 127 N.E. 682, the court discussed this difference at length. (See also *Storkan v. Ziska* (1950), 406 Ill. 259, 263-66, 94 N.E.2d 185 (holding that conditional language was not incorporated into the gift itself but simply acted as a condition subsequent which could later divest the interest).) The will at issue in *Maguire* gave land to the City of Macomb for use as a public park. The will gave the land "subject *** to the conditions hereinafter named and set forth," and then listed several conditions, including that the city explicitly accept the gift and use and improve the land for park purposes. (*Maguire*, 293 Ill. at 443.) The plaintiff, as the executor of the will, sued to clear title to this land, arguing that the conditions were conditions precedent to its title vesting in the city and had not been fulfilled. The supreme court agreed, explaining: "It requires no technical words to distinguish between conditions precedent and conditions subsequent ***," but "[i]f the language of the whole will shows that the act on which the [interest] depends must be performed before the [interest] can vest, the conditions are precedent." (293 Ill. at 448.) In *Maguire*, the court found that the acceptance of the gift and the improvement as a park were obviously intended by the grantor to be performed before the title to the land would vest in the city; because the city did not comply with all the conditions precedent, title never vested in the city and remained with

the estate. See also *City of Wood River v. Hart* (1961), 23 Ill. 2d 119, 177 N.E.2d 173.

■ Here, as in *Maguire*, the grant of support payments takes effect only if a condition precedent is fulfilled. Although Mildred did not specifically identify any of the discretionary acts of the trustee in section 1(b) as conditions, in contrast to the *Maguire* grantor, the language of the will as a whole shows her intent to make the interest conditional. The condition is approval by the trustee, which may or may not occur. The trustee, in his discretion and after reviewing all available assets, must decide that John and David should be given support payments before they may be paid. John and David are not told that they have this right and that it may be altered or removed by a later condition. Instead, the will explains that they receive support only if the conditions are met.

Mildred's intent to give a conditional right to support payments in section 1(b) is clear from the language of section 1. In section 1(a), she directed that the trustee "shall" pay the trust income to her sons. In contrast, in section 1(b) she gave the trustee discretion to make support payments, explaining that he "may" pay for support "as [he] deems advisable from time to time" but only after considering all other sources of income available to John and David. Thus, as required by *Baker* and *Maguire*, the conditions here are written into the language of the gift itself, and do not simply modify an otherwise vested grant. For these reasons, we reject the argument of John and David that the support payments authorized by section 1(b) were subject only to a condition subsequent. Therefore, we reject the plaintiffs' argument that they had standing based on the section 1 support provision.

Additionally, we find that the plaintiffs do not have standing under any part of section 2. Section 2 of this article provides:

> "At the death of a son, *** the trustee shall divide his trust, as then constituted, into separate trusts, equal in value, one for each then living child of his and one for the then living descendants, collectively, of each deceased child of his."

Section 2 further explains:

> "Each trust set aside for a living child of a son shall be held and disposed of as follows: *** the trustee shall pay to the grandchild so much or all of the income from his or her trust *** [and] such sums from the principal of his or her trust as the trustee deems necessary or advisable *** for [the grandchild's] needs, best interests, education *** and welfare."

Rudolph and the intervenors correctly cite the rule that only "those having a beneficial interest in the subject matter and relief sought are the proper parties to sue." (*Solomon v. City of Evanston* (1975), 29 Ill. App. 3d 782, 788, 331 N.E.2d 380; see also *Long v. Elk Grove Village* (1978), 64 Ill. App. 3d 1006, 382 N.E.2d 79; *Kravitz v. County of Lake* (1978), 62 Ill. App. 3d 101, 379 N.E.2d 126.) In order to have a beneficial interest sufficient to confer standing, the interest of a plaintiff under a trust must be vested. See *Whalen v. Whalen* (1991), 217 Ill. App. 3d 557, 559, 577 N.E.2d 859.

■ Under section 2, Frank and Rudolph have life estates, followed by remainders in their then-living children or the then-living descendants of their deceased children. A contingent remainder is "one limited to take effect either to an uncertain person or upon an uncertain event." (*Murphy v. Westhoff* (1944), 386 Ill. 136, 142, 53 N.E.2d 931; see also *Oak Park Trust & Savings Bank v. Baumann* (1982), 108 Ill. App. 3d 322, 328, 438 N.E.2d 1354.) On the other hand, a remainder is vested if "the person who is to succeed to the estate in remainder is in being and is ascertained, and the event which by express limitation will terminate the proceeding estate is certain to happen." (*Dyslin v. Wolf* (1950), 407 Ill. 532, 542, 96 N.E.2d 485; see also *Jurgens v. Eads* (1978), 67 Ill. App. 3d 52, 57, 383 N.E.2d 1003.) A vested remainderman has the right to immediate possession "whenever and however the preceding estate may determine." (*Whalen*, 217 Ill. App. 3d at 559.) Though the law favors the vesting of remainder interests "at the earliest opportunity" (*Whalen*, 217 Ill. App. 3d at 560), the intent of the grantor must govern any will construction. *In re Estate of Arnold* (1986), 142 Ill. App. 3d 258, 263, 491 N.E.2d 458.

John and David argue that their section 2 interests are vested because the life estates are certain to terminate, as Rudolph and Frank are certain to die, and because they are ascertained, as they were alive when Mildred died. While the plaintiffs are correct in their argument that these facts indicate vested remainders under some circumstances (see 4 H. Horner, Horner Probate Practice & Estates §2290, at 11 (4th ed. 1990)), they ignore the "then living" language in section 2.

In fact, none of the cases cited by the plaintiffs involves a will provision similar to section 2. In *Whalen*, the primary case relied on by John and David, the grantor gave her husband a life estate and gave "the remaining assets in the Residuary Trust *per stirpes to my children*, share and share alike." (Emphasis in original.) (*Whalen*, 217 Ill. App. 3d at 558.) Obviously, there is no explicit requirement of survivorship in this language. We therefore find *Whalen* distinguishable.

In contrast, Rudolph and the intervenors note that in Illinois, "[a] contingent remainder exists where, after a life estate, the interest is limited to certain individuals, or a class, *provided they survive the life tenant.*" (Emphasis added.) (4 H. Horner, Horner Probate Practice & Estates §2304, at 36 (4th ed. 1990).) This rule is directly applicable here, as are several cases discussing it.

In *Bushman v. Fraser* (1926), 322 Ill. 579, 153 N.E. 611, the Illinois Supreme Court held that a will giving the grantor's wife a life estate and giving the remainder to his "then surviving children" created a contingent remainder. "Such remainder was contingent, because until the death of the [wife] it could not be known which of the children would survive her and be entitled to share in the estate." *Bushman*, 322 Ill. at 585.

Similarly, in *Roper v. Finney* (1955), 7 Ill. 2d 487, 131 N.E.2d 106, the court held that a will giving a remainder after a life estate to the life tenant's "child or children, or the descendants of any child or children," existing when the life tenant died, granted a contingent remainder. The *Roper* court noted that "[w]ho these people would be, of course, could not be ascertained until the termination of the life estate." (7 Ill. 2d at 490.) Further, the court explained that if survival was not a condition for receiving the remainder, the express provision for descendants of a deceased child would not be necessary, because the interest would already have vested in the deceased child and would automatically pass to the child's descendants.

We find both of these cases controlling. Under section 2 of Mildred's 1976 will, only "then living" grandchildren take the remainder, like the "then surviving" *Bushman* children. Further, as in *Roper*, there is a provision for the grandchildren's descendants that would be unnecessary if the estate vested in the grandchildren as soon as Mildred died. The trial judge properly recognized that, until Frank dies, we cannot determine if John and David are "then living." Though a court will not read words of survivorship into a will (*First Galesburg National Bank & Trust Co. v. Robinson* (1986), 149 Ill. App. 3d 584, 500 N.E.2d 995), we find that Mildred expressly required John and David to survive Frank here. Thus, the takers of the section 2 remainder are not yet ascertained, and John and David are not yet entitled to possession of the estate. For this reason, their remainders are contingent.

Therefore, we hold that John and David do not have standing to contest the validity of the 1981 trust or to request an accounting by Rudolph. Since the amended complaint would not have cured this fa-

tal flaw, the judge properly refused to allow the amendment and properly granted Rudolph and the intervenors' motion to dismiss.

The judgment of the circuit court is affirmed.

Judgment affirmed.

RAKOWSKI and GIANNIS, JJ., concur.