(No. 26366.—

CHARLES FLESHNER *et al.* Appellees, *vs.* PAUL FLESHNER *et al.*—(EDNA YOUNG, Appellant.)

*Opinion filed Nov. 24, 1941—Rehearing denied January 15, 1942.*

HARRY I. HANNAH, and THOMAS R. FIGENBAUM, for appellant.

H. OGDEN BRAINARD, for appellee The National Bank of Mattoon; KIGER & DILSAVER, (GEORGE N. GILKERSON, of counsel,) for appellee Charles Fleshner.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellee Charles Fleshner, filed a suit in the circuit court of Moultrie county to partition certain lands devised by the last will and testament of Thomas F. Fleshner, deceased. Charles Fleshner is his son. Thomas F. Fleshner died on June 5, 1922, leaving as his only heirs-at-law his widow and seven children. Appellee the National Bank of Mattoon, was made a defendant as claiming some interest in the land, and it filed its cross-complaint alleging that by *mesne* conveyances it is the owner of that share of the land devised to the appellant, Edna Young.

The part of the will of Thomas F. Fleshner important to the inquiry in this case, is the second clause thereof, which reads as follows: "Second: After the payment of such funeral expenses and debts, I give, devise and bequeath all of my property of every description, wherever situated to my beloved wife, Cena Fleshner, to have and to hold for and during her natural life. After the death of my wife, Cena Fleshner, I give, devise and bequeath, share and share alike, to my beloved children, namely, Charles Fleshner, Edna Young, Lelah Kees, Mary Philpott, Mabel Fleshner, Elmer Fleshner and Paul Fleshner, or the surviving heirs of their body, the residue of my estate."

The life tenant, Cena Fleshner, died October 21, 1939. Further facts on which this suit is based are that the appellant Edna Young was adjudicated a bankrupt on June 9, 1936, and scheduled among her assets an undivided one-seventh interest in the lands involved in this suit, devised to her by her father. On petition, the trustee in bankruptcy

was empowered to convey and he did convey appellant's undivided one-seventh interest in and to the premises to one Ownby, who, in turn, conveyed the same to the appellee bank.

The chancellor, on hearing, entered a decree in accordance with the prayer of the cross-complaint of the bank, and Edna Young brings the cause here for review contending that she took but a contingent remainder under the will of her father and that at the time she was adjudicated a bankrupt her interest was still contingent and so nothing passed to the trustee or by his subsequent deed to Ownby; that upon the death of her mother, the life tenant, she became seized in fee of an undivided one-seventh interest, and that she is entitled to have that interest so declared in this proceeding. On the other hand, the appellee bank contends, and the chancellor so found, that appellant became seized of a vested remainder in the real estate on the death of the testator, which passed by the deed of the trustee in bankruptcy. It is also argued by the bank that even though appellant's interest be contingent, it passed to the trustee in bankruptcy and from him by *mesne* conveyances to the bank. The question whether Edna Young, by the second clause of the will, took a vested or a contingent interest, is the first point to be considered.

The rules governing the determination of this issue have frequently been announced by this court. Section 13 of the Conveyances act (Ill. Rev. Stat. 1939, chap. 30, par. 12,) provides that every estate in lands which shall be devised, although words formerly necessary to transfer an estate of inheritance be not added, shall be deemed a fee simple estate of inheritance, if a less estate be not limited by express words, or do not appear to have been devised by construction or operation of law. It is a rule applicable to the construction of wills that the law favors the vesting of estates, and a remainder vested according to the legal meaning of the words of the devise is not to be held con-

tingent by virtue of subsequent provisions of the will unless those provisions necessarily require it. *Baley* v. *Strahan,* 314 Ill. 213; *Pingrey* v. *Rulon,* 246 id. 109.

In *Lachenmyer* v. *Gehlbach,* 266 Ill. 11, this court said: "If any estate, be it ever so small, is always ready, from its commencement to its end, to come into possession the moment the prior estates, be they what they may, happen to determine, it is then a vested remainder and recognized in law as an estate grantable by deed. It would be an estate in possession were it not that other estates have a prior claim; and their priority alone postpones, or may perhaps entirely prevent, possession being taken by the remainder-man. The gift is immediate, but the enjoyment must necessarily depend on the determination of the estates of those who have a prior right to the possession."

The rule as stated in Gray's Rule Against Perpetuities, section 108, and frequently announced by this court, is as follows: "If the conditional element is incorporated into the description of, or into the gift to, the remainder-men, then the remainder is contingent; but if, after words giving a vested interest, a clause is added divesting it, the remainder is vested."

A pertinent application of this rule would be in a case of a devise to A for life, remainder to his children; but if any child dies during the lifetime of A, his share to go to those who survive, the share of each child is vested subject to being divested by its death. But if the devise be to A for life, remainder to such of his children as survive him, the remainder is contingent. *Riddle* v. *Killian,* 366 Ill. 294; *Lachenmyer* v. *Gehlbach, supra; Smith* v. *Chester,* 272 Ill. 428; *Brechbeller* v. *Wilson,* 228 id. 502.

Appellant argues that by the words of the second paragraph "after the death of my wife," the testator intended to postpone the vesting of any remainder to that time for the reason that the will expressly grants a life estate and does not make a devise subject to such life estate. It is

also argued that since the testator devised the remainder to individuals described as his children, but not as all his children, and did not devise to his children and their heirs, but to them "or the surviving heirs of their body" the following contingencies arise affecting the vesting of the remainders: (1) It is unknown which, if any, of the named children will take until after the widow's death, since one or all of them may predecease her, and (2) no one knows until the termination of the life estate whether some may have died and left issues of their body, or what the number of such issue will be. Appellant's counsel cite *Riddle* v. *Killian, supra,* as supporting this contention. In that case the will provided that on the death of the wife the property should go to the son William "with this express condition, namely: That he shall not sell nor convey the same during his lifetime, but he may during his lifetime, and after the death of my said wife, make such conveyance of the same as he may desire; said conveyance, however, not to take effect until after the death of the said William A. Killian." In that case it was held that words "at the death of my beloved wife," when construed with subsequent language of the will which cut down the estate devised, indicated an intent to postpone the vesting of the remainder-man's interest, and under the cardinal rule of construction of wills that the intention of the testator is to be carried out, where to do so does not contravene some settled rule of law, it was held that the remainders were contingent. It is clear that the language used in the will in that case limited the ultimate estate to be taken by the son William to something less than a fee simple estate.

In the case before us there is no later language in the will cutting down the estate granted and no charge made upon the interests devised to the remainder-men. The words "after the death of my wife," of themselves, do not postpone the vesting of the estate in remainder. Such words, unaccompanied by other controlling language, have

been held by this court to mean that the distribution or the enjoyment in possession of the lands granted is to be postponed to let in the life estate, but the remainders created are vested, and that such words as "after the death of my wife" relate to the time of enjoyment and not to the time of vesting. *Baley* v. *Strahan, supra; Lachenmyer* v. *Gehlbach, supra; Ducker* v. *Burnham,* 146 Ill. 9.

Appellant cites *Shaffenacker* v. *Beil,* 320 Ill. 31, and *People* v. *Byrd,* 253 id. 223, as applicable to the will in this case. In those cases, however, the will contained later words of condition following the devise of the remainders. In the *Shaffenacker case* the words were "on condition that they be living at the death of the widow," and in the *Byrd case* "if they be living at her death." These words clearly show a contingency which must be met before the vesting of the estate. No such words appear here.

The fact that the remainder-man may die before the life tenant and the remainder never become vested in possession, is not a test of whether the remainder is vested or contingent. It is not the uncertainty of the devise taking effect in possession that makes the remainder contingent, for that may occur in any case of remainder, but the test is whether there is a present capacity to take effect in possession, if the life tenant dies or for any reason the life possession becomes vacant, which universally distinguishes a vested remainder from one that is contingent. (*Lachenmyer* v. *Gehlbach, supra.*) As often announced by this court, a contingent remainder is an estate limited to take effect either to dubious and uncertain persons, or upon a dubious and uncertain event. *Carter* v. *Lewis,* 364 Ill. 434; *Golladay* v. *Knock,* 235 id. 412; *Thompson* v. *Adams,* 205 id. 552.

In the case before us, upon the death of the testator, which is the time from which the will speaks, the remainder devised to Edna Young would have come into possession immediately upon the termination of the life estate, and

though she had died before the life tenant and thus never enjoyed actual possession, the estate devised to her was none the less vested, and in case of her death before that of the life tenant, it would have passed, under the terms of this will, to the heirs of her body.

It is argued that the language of the second clause of this will "or the surviving heirs of their body the residue of my estate," creates a contingency which delays the vesting of remainders until the death of the life tenant because until that time it cannot be determined who are the heirs of the body of the testator's children. It was the evident intent of the testator, by the use of that language, to declare that if one of his children died during the lifetime of the life tenant, the heirs of the body of such child should take such child's share. While this clause was inartifically drawn and the use of the word "or" inappropriate, the construction contended for would result in an attempted devise to the testator's children "or" to the heirs of their body as separate and distinct persons. Such a devise would be void for indefiniteness and the property would descend to the heirs-at-law of Thomas F. Fleshner. (*Smith* v. *Chester, supra.*) Not only would this be of no assistance to the appellant's claim but would run counter to the rule that wills shall be construed to vest all created interests as soon as possible. A different construction would likewise run counter to the presumption that the testator intended to dispose of his entire estate and not to die intestate as to any of it.

We are of the opinion that this will indicates an intention on the part of the testator to postpone the enjoyment of the devise to his children until the death of his widow, and if one of his children die before the life tenant, that child's interest pass to the surviving heirs of his or her body, and that the remainders created by the will are vested remainders. It follows that appellant's interest was subject

to grant; that it was taken by the trustee in bankruptcy by operation of law and by *mesne* conveyances became vested in the appellee bank. The chancellor did not err in so holding. As this disposes of the suit, it is unnecessary to consider other questions raised.

The decree of the circuit court is affirmed.

*Decree affirmed.*