(No. 30935.—
CARMALEEN BARKER *et al.*, Appellants, *vs.* ALETHA
WALKER *et al.*, Appellees.

*Opinion filed March 24, 1949—Rehearing denied May 11, 1949.*

GILBERT K. HUTCHENS, and JACK MCDONALD, both of Carrollton, for appellants.

MARK O. ROBERTS, and HUGH J. GRAHAM, JR., both of Springfield, for appellee Ethelyn Cuddy.

Mr. JUSTICE SIMPSON delivered the opinion of the court:

A freehold being involved, appellants, Carmaleen Barker and Allie C. Smith, appeal directly to this court to reverse a decree of the circuit court of Greene County in favor of the appellee Ethelyn Cuddy.

Partition was sought in the Greene County circuit court of several tracts of real estate located in the counties of Greene, Morgan and Scott, respectively. The complaint alleged that Carmaleen Barker, an only child of Buell L. Cuddy, deceased, a son of Ada B. and Martin T. Cuddy, both deceased, and Allie C. Smith, their daughter, each owned an undivided one-third interest in said lands, and that Aletha Walker, Hazel Henry and Glenna Gordon, children of Fulton Cuddy, deceased, also a son of Ada B. and Martin T. Cuddy, each owned an undivided one-ninth interest therein.

Ada B. Cuddy was the widow of Martin T. Cuddy, deceased, and the daughter of Fletcher F. Clark, deceased. Martin T. Cuddy and Ada B. Cuddy, his wife, had three children, viz.: Fulton Cuddy and Buell Lester Cuddy, sons, and Allie C. Smith (nee Cuddy) a daughter. Carmaleen Barker is the daughter by a former marriage, and Ethelyn Cuddy is the widow, of Buell L. Cuddy who departed this life intestate on May 1, 1944, prior to the death of his mother, Ada B. Cuddy, who died January 10, 1947, and subsequent to the death of his father, Martin T. Cuddy, who died in 1938. No administration was had on the estate of Buell L. Cuddy, deceased. More than ten months had elapsed between his death and the filing of this suit, and

appellee, his widow, did not at any time elect to take dower by filing a written instrument as provided by statute.

There is no question concerning the interests and relationships as set out in the complaint, except that Ethelyn Cuddy claims she is entitled to a one-third interest in the portion of the premises owned by Buell L. Cuddy, her husband, at the time of his death, which would give her a one-ninth interest in the whole. She was not made a party to the suit but was permitted to intervene and to file a counterclaim setting up her claim as aforesaid, after the premises had been sold and a decree of distribution entered. The original decree had found the interests of the parties as alleged in the complaint, but upon the intervention of Ethelyn Cuddy the decree was changed finding that her husband had a vested remainder in the premises and that she was the owner of an undivided one-ninth of the whole or an undivided one-third of the interest owned by her husband at the time of his death.

The widow of Fulton Cuddy made a similar claim to that of Ethelyn Cuddy but later withdrew it because she had accepted the provisions made for her under the will of her deceased husband and had made settlement with his children.

January 31, 1912, Fletcher F. Clark, a widower, father of Ada B. Cuddy, conveyed to her an undivided one-half of the Scott County real estate for and during the period of her natural life and at her death to the heirs of her body, reserving in substance a life estate in himself. The other undivided half of these premises was owned by Martin T. Cuddy, husband of said Ada B. Cuddy. January 29, 1914, said Fletcher F. Clark and his then wife conveyed to said Ada B. Cuddy the real estate located in Morgan County for and during the period of her natural life and at her death to the heirs of her body, reserving in substance a life estate in himself. After the grantee's name, the description of the premises, the provisions designating the

life interest of the grantee with the remainder to the heirs of her body, the provision reserving the life estate in the grantor, and the provision releasing and waiving all rights under and by virtue of the homestead exemption laws, each deed contained in substance the following:

"The object and intention of this deed is to convey to the grantee herein, Ada B. Cuddy, a life estate in the above described lands, the remainder to the heirs of her body in fee simple."

By the will of Martin T. Cuddy there was devised to his widow, said Ada B. Cuddy, for life, his undivided one-half interest in the lands in Scott County by the following provision in his will:

"3rd. I also give, devise and bequeath to my beloved wife all the real estate of which I may die seized or to which I may be entitled either in possession, reversion, remainder or otherwise to have and to hold for and during her natural life and at the time of her death said real estate shall descend to my three children, Fulton Cuddy, Buell Lester Cuddy and Alice Cecilla Smith, share and share alike as their absolute property for ever and in case of the death of either of said children prior to my decease I hereby direct that their share shall descend to their bodily heirs."

The issues are all raised by the pleadings which it will not be necessary to recite in detail. Appellants contend that under the foregoing instruments Buell L. Cuddy had but a contingent remainder in all of the premises and by reason of his death prior to that of his mother, Ada B. Cuddy, he never became seized of an interest in any of the real estate in question and therefore his widow, Ethelyn Cuddy, had no right of dower in any of the premises. They further say she could not take under the statute on descent because it applies only in cases where there is dower that can be waived.

On the other hand Ethelyn Cuddy contends that her husband, Buell Lester Cuddy, at the time of his death, owned a vested remainder or one-third interest in all of the premises, subject to the life estate of his mother, Ada B. Cuddy, and that one third of his interest descended to

her by virtue of section 11 of the new Probate Act which became effective January 1, 1940. (Ill. Rev. Stat. 1947, chap. 3, par. 162.) She says that the deeds, by the common law, would have created a fee tail in the premises and accordingly section 6 of the Conveyances Act (Ill. Rev. Stat. 1947, chap. 30, par. 5,) would operate, and under it Ada B. Cuddy became seized for her natural life only and the remainder passed in fee simple absolute to Buell L. Cuddy and the other living heirs of the body of Ada B. Cuddy, subject to being divested *pro tanto* should other children be born to her thereafter. Appellants claim this statute does not apply here because of the aforesaid words appearing in each deed after the waiver of the homestead exemption laws. They say those words do not constitute an *habendum* clause but are explanatory words giving the grantor's construction or meaning of the words previously used in the instrument.

Whether or not those words constitute technically an *habendum* clause, they follow a very definite granting portion of the deed, and, if inconsistent therewith, should not be permitted to destroy it. (*Coogan* v. *Jones,* 278 Ill. 279.) Where there are two irreconcilably repugnant clauses in a deed, the first of the two clauses will control. (*Law* v. *Kane,* 384 Ill. 591; *Hartwick* v. *Heberling,* 364 Ill. 523.) Any clause attempting to explain the granting clause must be consistent with it in order to be effective. (*Nave* v. *Bailey,* 329 Ill. 235; *Roof* v. *Rule,* 348 Ill. 370.) The explanatory words, it will be noted, are "the remainder to the heirs of her body in fee simple." By the use of those words the grantor no doubt believed and intended them to be consistent with the granting clause. He explains by their use that the remainder is to go, not to her heirs generally, but to "the heirs of her body," and by adding at this place the words "in fee simple" he does not show an intention to nullify the granting clause. Under the statute aforesaid, title does go to the heirs of her body in fee simple.

We believe the two deeds would have created an estate in fee tail at common law and therefore section 6 of the Conveyances Act applies. The operation of that section created in Ada B. Cuddy an estate in the deeded premises for her natural life only, with remainder in fee simple absolute to Buell L. Cuddy and his brother and sister. *Moore* v. *Reddel,* 259 Ill. 36; *Sauls* v. *Cox,* 394 Ill. 81.

We now consider the will of Martin T. Cuddy. Buell L. Cuddy survived the testator but died before the life tenant. After giving a life estate in the premises to his wife, the third clause of the will says: "and at the time of her death said real estate shall descend to my three children, Fulton Cuddy, Buell Lester Cuddy and Alice Cecilla Smith, share and share alike as their absolute property forever," and then provides that in case either shall die before the testator his share shall descend to his bodily heirs. The question is as to when the testator intended the remainders to vest in his children—at the time of his death or at the time of his wife's death. We held in *Crowley* v. *Engelke,* 394 Ill. 264, that words such as "at death," "after death" or "upon death" in a devise of a remainder refer not to the time when the remainder is to vest in interest, but to the time when it is to fall into possession of the remaindermen. Others cases so holding are, *Dustin* v. *Brown,* 297 Ill. 499; *Whittaker* v. *Porter,* 321 Ill. 368; *Fleshner* v. *Fleshner,* 378 Ill. 536.

Whenever the person who is to succeed to the estate in remainder is in being and is ascertained, and the event which by express limitation will terminate the preceding estate is certain to happen, the remainder is vested. (*Hoblit* v. *Howser,* 338 Ill. 328; *Carter* v. *Carter,* 234 Ill. 507.) It will be noted that the persons to take the remainder are designated by name. The rule laid down in 33 American Jurisprudence, page 573, section 115, is that a gift or grant of a life estate with remainder in a named person on the death of the life tenant creates a vested remainder on the

death of the testator. In that section it is said, "Thus, a bequest of the testator's residuary estate at the death of his wife, to whom he had given a life estate in all his property, to his children by name, vests at his decease, and therefore does not lapse as to the share of a daughter dying in the wife's lifetime."

The law favors the vesting of estates generally, and so remainders are held to be vested rather than contingent, unless the intent of the testator is made to appear to the contrary. (33 American Jurisprudence, page 558, section 102; *Dustin* v. *Brown,* 297 Ill. 499.) We hold that the three named children of Martin T. Cuddy took a vested remainder in the real estate devised under the third clause of his will.

There remains to be decided what interest, if any, Ethelyn Cuddy has in the premises as surviving widow of Buell L. Cuddy. Appellants take the position that she has no interest whatever because her husband was not seized of an interest in the premises during his lifetime, that is, the right to possession and enjoyment thereof. They say that there can be no dower rights in a widow in real estate unless her husband was seized of an estate of inheritance therein at some time during the marriage as provided in section 18 of the Probate Act. (Ill. Rev. Stat. 1947, chap. 3, par. 170.) They further contend that unless there was a right to dower in the widow she does not take by descent under section 11 of the Probate Act, (Ill. Rev. Stat. 1947, chap. 3, par. 162,) because there must first be a right to dower which the spouse does not perfect under the provisions of the statute.

In *Dial* v. *Dial,* 378 Ill. 276, the question was whether under the new Probate Act a widow was entitled to a portion of the future interest her husband owned individually which was to take effect in enjoyment on the death of his sister. It was there claimed that because of the words of the statute "of which the decedent died seized" a widow

does not inherit any part of a remainder because the intestate was not seized of the remainder. We there held that the legislature did not use the word "seized" in said section 11 of the Probate Act in its technical sense but meant thereby the same as if it had used the word "owned" and that the widow inherited an interest in the future interest owned by her husband at the time of his death. We said in that case: "It is true that, strictly speaking, one is not seized of an estate unless he has the right to immediate possession in the land, and that in this sense there can be no seisin of a remainder interest. However, we believe that the General Assembly did not intend to so use the word 'seized' in this section of the act. * * * The court properly decreed that the widow, Mae Dial, inherited an undivided one-half interest in the future interest owned by Earl Dial at the time of his death * * *."

In *Bundy* v. *Solon*, 384 Ill. 137, we considered the Descent Act as amended in 1923 which is in substance the same as our present statute. The question there concerned the rights of a widow to share in the estate of her deceased husband under the Descent Act even though she could not have dower therein. That case involved a trust in which Leonard P. Solon had an interest but did not have the possession and enjoyment of the real estate therein described when he died. He died intestate and his widow claimed an interest under the Descent Act while the children of the deceased claimed all of their father's interest. We there said: "Obviously the purpose of the statute is to give to the widow a one-third interest in all the estate of her husband, whether or not the same is or is not of a character out of which dower may be assigned, and thus she is not limited in the case of the death of her spouse to have a dower assigned merely out of presently vested freehold estates of inheritance." In further reference to the statute we said in the same case: "The statute made the widow a qualified heir, and it is to be presumed the hus-

band not only knew of the statute of 1923, but knew that in case he died prior to his brother his estate was not one out of which dower could be assigned because of the previous creation of an estate *pur autre vie.*"

In *Geiger* v. *Geer*, 395 Ill. 367, a trust was created by will for the benefit of the testator's three children with provision that upon their respective deaths title to their interest in the trust propery should descend in remainder in accordance with the laws of descent. We there held that the wife of one of testator's sons would be entitled to share as one of his heirs should she survive him and be still married to him provided the statute on descent remained unchanged.

Buell L. Cuddy left a widow, the appellee Ethelyn Cuddy, and one child, Carmaleen Barker. He died intestate. The statute on descent provides what shall become of his estate in that situation. Where there is a right to dower in a given piece of real estate the one entitled thereto, if he perfects the same, cannot, of course, have the interest in fee also. But if he has no right to dower therein and consequently can perfect none, it does not follow that he has no interest under the statute.

Appellants have cited a number of cases holding in effect that by the provisions of sections 11, 18 and 19 of the Probate Act a widow is given, in the first instance, dower in the lands of her deceased husband, the fee in which descends to his children encumbered with the widow's right to either effect dower or permit dower to be barred; and her election to take dower or to permit it to become barred is a condition precedent to the vesting of the fee to one third of the land in her. The main case relied upon by them for that principle of law is *Bruce* v. *McCormick*, 396 Ill. 482. In that case there was no question but that the widow was entitled to dower and of course could not take one third of the real estate unless she elected not to accept dower therein or permitted her right thereto to

become barred, as she could not have the dower and the fee both. To the same effect are the other cases cited on that point. In the present case, however, appellants deny the widow's right to dower in the premises and say that because she cannot have dower she cannot take under the descent provisions of the Probate Act, because the right to dower must first be eliminated before a widow can inherit under those provisions.

We do not believe the legislature intended that one might die intestate owning an interest in real estate, even though not in his possession and enjoyment, and that his widow should have no part thereof. If the surviving widow would not in such case take under section 11 of the Probate Act, to whom would the portion of the property therein provided for her go? If appellants' view that there is no dower right in the widow and therefore no right in her to take under the statute on descent be adopted, then there is no statutory provision disposing of the interest provided for her by the statute. The legislature contemplated and intended no such situation.

In appellants' amended answer to Ethelyn Cuddy's counterclaim, after reciting that the interest of Buell L. Cuddy in the premises constituted a contingent remainder during the lifetime of said Ada B. Cuddy, the following words are used: "and by their own acts and conduct, was so construed by the said Allie Smith, Buell Cuddy and Fulton Cuddy during their lifetimes and by the said Ethelyn Cuddy prior to the institution of these proceedings." Complaint is made of the court's action in striking the quoted words from the amended answer. There are no specific acts and conduct averred. The averment is clearly a conclusion of the pleader and there was no error in striking it.

We are satisfied that the decree of the circuit court permitting Ethelyn Cuddy to share in her husband's interest in the real estate in question is right, and it will be affirmed.

*Decree affirmed.*