**Rose Login, Plaintiff-Appellant, v. Selma Newman and Sadie Vogel, Defendants-Appellees.**

Gen. No. 48,832.

First District, First Division.

April 1, 1963.

Henry W. Kenoe and Raphael Fine, of Chicago, for appellant.

Maurice T. Weinshenk, of Chicago, for appellees.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

This is an action in equity seeking the construction of the last will and codicil of Samuel Login, deceased, for the appointment of a successor cotrustee, and other relief. The Chancellor dismissed the action for want of equity after finding that "[t]he Last Will of Samuel Login is free of ambiguity or uncertainty requiring construction and it clearly sets forth that plaintiff's interest in the trust under the said will is a contingent interest, since it is contingent upon her surviving Sadie Vogel and Selma Newman; . . . ." This appeal followed. The question before us is whether plaintiff's interest in the trust under the will is sufficient to maintain this action.

Samuel Login died March 2, 1953. By his will and codicil, after making certain specific bequests, he left the residue of his estate, a medical book store, in trust. William Login and Sadie Vogel, testator's brother and sister, were named cotrustees. This action is concerned solely with those portions of the will and codicil establishing the trust.

456

The trust was created in paragraph nine of the will. The trustees were directed to pay specific sums of money to testator's two sisters so long as they should live. Sadie Vogel was to receive $40 per week and Selma Newman was to receive $20 per week. The trustees were given general discretionary powers designed to enable them to continue the business, and after the death of the two sisters were authorized to sell or otherwise dispose of the property in the trust fund.

Paragraph ten of the will provided for the appointment of Sheldon Login, William's son, as successor cotrustee in the event of the death of either of the two named trustees.

Paragraph eleven of the will provided as follows:

> In the event of the death of my brother William, before the completion of the trust estate created herein and hereby, and upon the death of my sisters, Sadie Vogel and Selma Newman, that my Trustees shall distribute my said trust estate jointly to my sister-in-law, Rose Login and my nephew, Sheldon Login, her son, and if she be deceased at that time the said trust estate shall go to my said nephew, Sheldon Login.

Paragraph twelve provided that the trust would go to William Login if he survived the two sisters.

Sometime after the execution of the will, Sheldon Login died. On November 17, 1951, testator executed a codicil to his will. The codicil provided, in pertinent parts, as follows:

> I Do reaffirm all and every clause and condition set up by me in my last will, with the exception of those references therein made to my deceased nephew, Sheldon Login; that he is named therein as beneficiary, devisee and legatee, which

457

I do hereby direct be of no force or effect what-soever and treated as deleted, cancelled and void in every respect because he predeceased me.

. . .

My Executors and trustees are hereby fully em-powered to sell my book store and real estate, this provision being in furtherance of paragraph nine (9)(c), or in lieu of any other paragraph in my will which may or does conflict herewith, if they so decide to do, at any time after my demise, and the net proceeds therefrom shall be divided as fol-lows:

William Login to receive fifty (50%) per cent
Sadie Vogel to receive thirty (30%) per cent
Selma Newman to receive twenty (20%) per cent

Should any of my aforementioned sisters or my brother or either of them predecease me, his, her or their pro rata share or shares shall be divided equally between the survivors, or if only one, then all the net proceeds are to go to that sur-vivor.

William Login died March 7, 1960, and his widow, Rose Login, filed this action November 28, 1960. Her complaint alleged the language of the will and codicil was ambiguous and she sought a court determination of the questions which arose in the operation of the book store, including the amounts to be paid defend-ants. She further sought a declaration of her own interest in the trust and sought her own appointment as successor cotrustee in lieu of her deceased husband.

██ We believe the Chancellor erred in dismissing the action for want of equity since we find that plain-tiff's present interest is no longer contingent and she thereby has a sufficient interest to maintain the ac-tion.

458

By his will, testator created a trust that would terminate upon the death of his two sisters. Paragraphs eleven and twelve of the will then provided for distribution of the trust after the death of the sisters. Under paragraph twelve, William Login would receive the entire trust, provided he did not predecease the two sisters. If William did not survive until distribution then under paragraph eleven the trust would go to William's son and widow jointly unless the widow predeceased the son prior to distribution. Plaintiff was given only a contingent interest, the two contingencies being the deaths of her husband and son.

█ The first portion of the codicil, drawn to take into account Sheldon's early demise, eliminated all references to Sheldon. Paragraph eleven was not voided entirely; rather, only the references to Sheldon were voided. Plaintiff's interest under paragraph eleven remained, for had testator intended to void paragraph eleven entirely, he could have done so with one sentence. Thus, paragraph eleven must still be considered along with the codicil. In re Estate of Reeve, 393 Ill 272, 64 NE2d 815. After this portion of the codicil was added, plaintiff's interest was subject solely to the death of her husband prior to the termination of the trust.

█ William's death on March 7, 1960, removed the final contingency. Eliminating reference to the sale provision of the codicil for the present, plaintiff's interest in the trust after William's death became subject solely to the life estates of the two sisters. It is clear from prior Supreme Court cases that plaintiff's interest is no longer contingent but vested. In Kost v. Foster, 406 Ill 565, 568, 94 NE2d 302, the Supreme Court stated:

The chief characteristic which distinguishes a vested from a contingent remainder is the present capacity to take effect in possession should the

possession become vacant, with the certainty that the event upon which the vacancy depends will happen sometime, and not upon the certainty that it will happen or the possession becomes vacant during the lifetime of the remainderman.

The death of the two sisters is an event certain to happen. Plaintiff's interest vested upon the happening of the remaining contingency, the death of William. Vesting is not delayed until the termination of the life estates for, as the Supreme Court stated in Barker v. Walker, 403 Ill 302, 307–8, 85 NE2d 748:

Whenever the person who is to succeed to the estate in remainder is in being and is ascertained, and the event which by express limitation will terminate the preceding estate is certain to happen, the remainder is vested. . . .

The law favors the vesting of estates generally, and so remainders are held to be vested rather than contingent, unless the intent of the testator is made to appear to the contrary.

Plaintiff's interest was then, as we have indicated, subject to the prior death of both her husband and son. Since both the husband and son are now deceased, the interest is vested even though enjoyment is postponed until the death of the two sisters, when the trust would terminate. Crowley v. Engelke, 394 Ill 264, 68 NE2d 241.

The remaining question is whether the last portion of the codicil, which allows a sale of the book store prior to the death of the two sisters, provided for an event that would defeat plaintiff's interest.

The will originally allowed a sale of the business only after the death of the two sisters. The codicil changed this provision and gave the trustees greater discretionary authority for they were allowed to sell the business at any time after the death of testator. Testator then provided for distribution of

460

the proceeds if any early sale occurred. William was to receive fifty per cent of the proceeds, Sadie Vogel thirty per cent, and Selma Newman twenty per cent. One condition was added:

> Should Any of my aforementioned sisters or my brother or either of them predecease me, his, her or their pro rata share or shares shall be divided equally between the survivors, or if only one, then all the net proceeds are to go to that survivor.

The brother and sisters would share in the proceeds of the sale only if they did not *predecease testator*. Since all of them outlived testator, this condition is of no effect. We agree with defendants that the cardinal rule in constructing a will is to give effect to the intention of the testator. Watkins v. Nobiling, 22 Ill2d 290, 17 NE2d 858. Defendants contend it was testator's intent to have the proceeds of a sale divided among only those sisters and brother still living at the time of the sale. However, as the Supreme Court stated in Watkins and in Wagner v. Clauson, 399 Ill 403, 412, 78 NE2d 203, the "intention must be ascertained from the words of the will." The language of this codicil, formally drafted with the aid of counsel, clearly states but one condition, the brother and sisters must not *predecease testator*. There is no requirement that they be living at the time of the sale. Since all three met the one condition named, the proceeds from a sale, if there be one, should be divided in the proportions specified by testator. See The Illinois Land and Loan Co. v. Bonner, 75 Ill 315.

Since William died prior to any sale, his share of the proceeds from a sale, if there be one, will go to his estate. Plaintiff, as William's widow, would be entitled to a share of his estate.* Therefore, the sale is not a

---

* The exact amount plaintiff will receive, should there be a sale, we need not determine as that question is not before this court.

contingency that would defeat plaintiff's interest in the trust, but is merely an event that would cause a partial divestment. No matter how the trust is terminated, plaintiff has an interest. If the trust is terminated by the death of the two sisters, under paragraph eleven of the will plaintiff will receive the corpus of the trust. If the business is sold, under the codicil plaintiff will receive a part of the proceeds. Thus, plaintiff has sufficient interest to maintain the action and it was error to dismiss.

We cannot accept defendants' contention that testator's intent was to have only his blood relatives share in the proceeds of the trust. They emphasize that only blood relatives are named in the codicil. Plaintiff's interest results either from her being named in paragraph eleven or through her relationship to William, a named beneficiary in the codicil. As we stated previously, the codicil does not revoke paragraph eleven entirely. Jackman v. Kasper, 393 Ill 496, 66 NE2d 678. While the codicil manifests an intent to provide defendants with more security than they had under the will, the codicil does not manifest an intent to exclude plaintiff completely.

The other questions presented by plaintiff's action were not reached by the Chancellor and we make no determination thereof at this time. In view of the fact that we find the dismissal to be erroneous, the Chancellor should consider and decide these other questions, guided by the determinations made herein.

The judgment below is reversed and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

Reversed and remanded.

MURPHY and ENGLISH, JJ., concur.