(No. 37666.—

JANE ESTHER THAYER SMITH *et al., vs.* MARY M. THAYER *et al.*—(JOHN T. WULFF *et al.,* Appellants, *vs.* CLINTON SMITH, Appellee.)

*Opinion filed May 27, 1963.—Modified on denial of rehearing September 26, 1963.*

THOMAS, MULLIKEN & MAMER, of Champaign, for appellants.

DILLAVOU, JONES, OVERAKER & SCHWARTZ, of Paris, for appellee.

Mr. JUSTICE DAILY delivered the opinion of the court:

The sole question presented by this appeal is whether certain devisees under the wills of Adoniram J. Thayer and Mary M. Thayer, husband and wife, are entitled to share *per capita* or *per stirpes*.

The property in question consists of 600 acres of farm land situated in Douglas County, 340 acres of which were owned by Adoniram J. Thayer and the remainder by his wife. Under their separate wills executed in 1907, which were very similar as to content, each bequeathed to the other all household goods, furniture, books, and pictures in full satisfaction of the spouse's dower interest, but the real estate was devised, in trust, with directions for the trustees to pay the net income therefrom to the decedents' three daughters, Jane Thayer Smith, Effie Thayer, and Lola Thayer Wulff, during their lifetimes, in equal portions. The wills further provided that upon the death of a daughter, leaving a child or children surviving, the surviving child or children should receive, during the continuation of the trust, that share of net income which the daughter would have received if living, but if a daughter should die without leaving a child surviving, the remaining daughters should equally share the net income arising from the trust. The fourth clause of the husband's will ended as follows: "Upon the death of my said daughters in case a child or children survive them, it is my will and I hereby give, devise and bequeath to such child or children, their heirs and assigns forever, all my said trust estate so devised as aforesaid and thereupon, upon the death of my said daughters, the trust hereby created shall absolutely cease and determine." The same language was employed in the wife's will except the word "all of" preceded the phrase "my said daughters" as used in the clause. The wills further specified that in the event of the death of all of said daughters leaving no child or children surviving, the entire trust estate should pass to Northwestern University of Evanston, and each will contained a residuary clause bequeathing any remaining property to the daughters "in equal portions, share and share alike."

At the time the wills were executed, Lola Thayer Wulff was the only daughter then married and her first child was

subsequently born in 1908. Adoniram J. Thayer, the testator, died the following year, and prior to his wife's death in 1917, a second daughter, namely Jane Thayer Smith, was married. The latter's first child, Clinton Smith, was born in 1918, and Alden T. Wulff was born of Lola Thayer Wulff in 1922. The third daughter, Effie E. Thayer, never married and died in 1954. Jane Thayer Smith died in 1960 leaving only Clinton Smith surviving, and Lola Thayer Wulff passed away in 1961 leaving both John T. Wulff and Alden T. Wulff surviving.

Following the deaths of Adoniram J. Thayer and Mary M. Thayer, their wills were duly admitted to probate in Douglas County and thereafter the trust property was administered under the supervision of the circuit court of Douglas County. Upon the death of the last surviving life tenant in 1961, however, a dispute arose as to what proportionate share of the trust property passed to Clinton Smith, as the child of Jane Thayer Smith, and to John T. Wulff and Alden T. Wulff, the surviving children of Lola Thayer Wulff. The former claimed an undivided one-half thereof as a *per stirpes* distribution whereas the other beneficiaries each claimed a one-third portion on a *per capita* basis. To resolve this difference, John T. Wulff and Alden T. Wulff filed a petition for declaratory judgment in the trust proceeding then pending in the circuit court of Douglas County, and a counterclaim, differing only as to the interest sought, was filed by Clinton Smith. After hearing the matter upon an agreed statement of facts, the lower court found for the counterclaimant, dismissed the petition of John T. Wulff and Alden T. Wulff and decreed a *per stirpes* distribution of the trust property. A freehold being involved, the petitioners have appealed directly to this court.

If the testator's intention can be determined from the will, it must be given effect unless it violates some positive

rule of law or public policy. (*Dollander* v. *Dhaemers,* 297 Ill. 274.) Where, however, such intention is not clear, certain presumptions may be employed as an aid in the will construction. (*Dahmer* v. *Wensler,* 350 Ill. 23.) One of these is the rule first set forth in *Pitney* v. *Brown,* 44 Ill. 363, which states that where a legacy is to the children of several persons, as to the children of A and B, it will be presumed, in the absence of contrary evidence, that such children were to share *per capita.* (57 Am. Jur., Wills, sec. 1310; 126 A.L.R., 175.) It has also been held that where the beneficiaries designated in a will stand in equal degree of relationship to the testator, and the bequest is for the benefit of them all, a court may consider this as another circumstance tending to support a *per capita* division. (*Dollander* v. *Dhaemers,* 297 Ill. 274; *Condee* v. *Trout,* 379 Ill. 89; 57 Am. Jur., Wills, sec. 1312; 36 I.L.P., Wills, p. 349.) A further circumstance to be considered is whether the distribution is to occur only after the deaths of all life tenants so that the whole corpus goes over together, thus indicating a *per capita* distribution, or whether distribution is to be made in parts at different times as would be more normal in a *per stirpes* arrangement. *Kiesling* v. *White,* 411 Ill. 493; 57 Am. Jur., Wills, sec. 1315; 16 A.L.R. 122.

In the present case, the wills directed the payment of the trust income to testators' three daughters, and upon the death of the last-surviving daughter, the trust corpus was to be distributed to the child or children that survived them. This was, of course, a legacy to the children of several persons within the meaning of the *Pitney* case, and the children being all grandchildren of the testators, stood in equal degree of relationship to the testators and were mutually benefited by the will provisions. Furthermore, distribution of corpus was not to occur, even in part, until the death of the last-surviving daughter, and the identity of the corpus beneficiaries could not be determined until that time. Thus,

in the absence of evidence of a contrary intent, it must be presumed that the ultimate rcipients were to share equally in the trust property.

The appellee, however, insists that a *per stirpes* intent is shown by the fact that upon the death of a daughter, leaving children surviving, such children were to receive, during the continuation of the trust, that same share of net income which the daughter would have received if living. Although under certain circumstances the manner of dividing income may be indicative of the testator's distributive intent, this assumption is not conclusive, (57 Am. Jur., Wills, sec. 1300,) and we do not think it controlling in the instant situation. At the time of the testators' deaths, only one of the ultimate remaindermen was living, and the testators had no way of knowing which daughter might have children or the number that would survive. They did, however, know the number and identity of their daughters, and it is therefore reasonable to assume that the latter's lifetime care was uppermost in the testators' minds. Thus, it may be assumed that the aforesaid provision was not intended to indicate a general *per stirpes* distribution, but was designed only to insure that the income of the surviving daughters would not be diminished by the *per capita* sharing of income with the deceased daughter's children.

The appellee also contends that a *per stirpes* intent was indicated by the fact that the ultimate distributees were designated, not as grandchildren of the testators, but as children of the daughters. Unlike appellee, we do not view this language as substituting her surviving children for a deceased daughter's interest insofar as the trust corpus is concerned, but merely as a means of describing the ultimate takers. In fact, the daughters were only income beneficiaries and had no interest in the corpus which could have been taken by representation. To the contrary, the distribution of corpus upon the death of all the daughters to the child or children that survived "them," indicates the testa-

tors were referring to the children of all the daughters as a class without regard to the interests of their ancestors.

Citing *Schroeder* v. *Benz,* 9 Ill.2d 589; *Dahmer* v. *Wensler,* 350 Ill. 23; *Beal* v. *Higgins,* 303 Ill. 370; *Palmer* v. *Jones,* 299 Ill. 263; and *Dollander* v. *Dhaemers,* 297 Ill. 274, appellee next suggests that this court has in the past been strongly committed to *per stirpes* division where any doubt exists, and urges that we should apply such a policy to resolve the instant case. Those cases, however, do not announce the broad and inflexible rule for which the appellee contends. Rather, it is the rationale of each that the law favors *per stirpes* distribution where, as stated in Schroeder, "there is a devise to named persons and the children of another," (9 Ill.2d at 592,) or, as the same proposition was stated in Dollander, (297 Ill. at 278,) where "the devisees or legatees, stand in unequal degrees of relationship to the testator." Here, to the contrary, the beneficiaries designated in the will were the "child or children" of the testator's daughters, and all of such "children" stand in an equal degree of relationship to the testator. Under these circumstances a *per capita* distribution has been favored. *Condee* v. *Trout,* 379 Ill. 89, 92.

We are of the opinion there was no evidence to indicate that the testators intended a *per stirpes* distribution, and in the absence thereof, we hold that John T. Wulff, Alden T. Wulff, and Clinton Smith are entitled to share equally, or *per capita,* in the trust property and that the trial court erred in decreeing a *per stirpes* distribution. Accordingly, the decree is reversed and the cause is remanded to the circuit court of Douglas County, with directions to enter a new decree in accordance herewith.

*Reversed and remanded, with directions.*