FIRST GALESBURG NATIONAL BANK AND TRUST COMPANY, Plaintiff-Appellee, v. JAMES M. ROBINSON, Defendant-Appellee (David Robinson *et al.*, Defendants-Appellants).

Third District   No. 3—85—0784

Opinion filed November 10, 1986.—Rehearing denied December 18, 1986.

Nelson, Gustafson & Blake, of Galesburg (John J. Blake and Jack Ball, of counsel), for appellants.

Reynolds M. Everett, of Everett & Young, of Galva (Reynolds M. Everett, Jr., of counsel), for appellee James M. Robinson.

Andrew W. Main, of McLaughlin, Hattery, Simpson & Sullivan, of Galesburg, for appellee First Galesburg National Bank & Trust Company.

JUSTICE BARRY delivered the opinion of the court:

The grandchildren of the grantors of an *inter vivos* trust appeal from a ruling of the circuit court of Knox County denying them a remainder interest in a 190-acre farm in Henry County which had vested in their father prior to his death.

The facts of this case are fairly simple. In 1965 William T. Robinson, Sr., and his wife, Lenora Robinson, executed a trust instrument placing their jointly owned farm in trust with the First Galesburg National Bank as trustee. The crucial provision of the trust was paragraph 5, as follows:

"That the net proceeds *** shall be annually divided between the grantors, and at the death of the first grantor, that grantor's share shall be divided among the lawful children of the grantor, and the other one-half shall be paid to the surviving grantor. At the death of the survivor of the grantors said trust shall terminate and any funds accumulated in said trust shall be divided among the lawful children of the grantors, and wherever children is mentioned in this agreement, it shall be the lawful children born as a result of the marriage of the grantors, and born prior to the execution of this agreement, and at the death of the survivor of the grantors, said real estate shall be and hereby is declared to be the sole and absolute property of the aforesaid children of the grantors."

The only lawful children born prior to the execution of the trust were James M. Robinson and William T. Robinson, Jr. In 1980 William T. Robinson, Jr., died, survived by his wife and three children, David, Lisa, and Michael Robinson. The wife renounced the will and accepted assets other than decedent's interest in the trust; therefore, she is not involved in this litigation. One of the grantors, Lenora Robinson, died in December of 1982; the other is still living. Shortly thereafter the trustee filed this action seeking construction of the trust and directions concerning paragraph 5 of the trust (quoted above).

The trial court concluded that the lawful children of the grantors would be entitled to a share of the trust income upon the death of the first grantor only if the children were living at that time. The court ordered that, after Lenora Robinson's death, the trustee should pay

one-half of the profits to the surviving grantor, William T. Robinson, Sr., and one-half to James M. Robinson. This order was based upon a finding that William T. Robinson, Jr., was possessed of a vested remainder interest in the trust which interest was divested upon his death prior to the death of the first of the grantors to die.

■ Illinois law favors the vesting of estates generally unless a different intention is manifested by the grantor. (*Barker v. Walker* (1949), 403 Ill. 302, 85 N.E.2d 748.) The general rule for the vesting of a remainder was stated by the Illinois Supreme Court in *Dyslin v. Wolf* (1950), 407 Ill. 532, 542, 96 N.E.2d 485, 490, as follows:

> "[W]henever the person who is to succeed to the estate in remainder is in being and is ascertained, and the event which by express limitation will terminate the preceding estate is certain to happen, the remainder is vested."

The court in *Dyslin v. Wolf* also stated that the words such as "at death," "after death," or "upon death" in the devise of a remainder do not refer to the time when the remainder is to vest in interest but rather to the time when the remaindermen are to take possession.

■ These rules compel a finding in this case that both sons of the grantors took a present right to the remainder interest upon execution of the trust agreement. In other words, the remainder was immediately vested, although enjoyment of the estate was postponed until the life estates of the grantors had terminated. To conclude that William T. Robinson, Jr., had only a contingent remainder unless he survived both his parents would read into the trust words of survivorship which plainly are not present. (See *St. Louis Union Trust Co. v. Hearne* (1969), 111 Ill. App. 2d 411, 250 N.E.2d 674.) The Illinois Supreme Court in *Fleshner v. Fleshner* (1942), 378 Ill. 536, 541, 39 N.E.2d 9, 12, stated:

> "The fact that the remainder-man may die before the life tenant and the remainder never become vested in possession, is not a test of whether the remainder is vested or contingent. It is not the uncertainty of the devise taking effect in possession that makes the remainder contingent, for that may occur in any case of remainder ***."

Since the remainder interests here were not dependent upon surviving the grantors, this was a vested remainder and as such was subject descent or devise. *Mathis v. Mathis* (1949), 402 Ill. 60, 83 N.E.2d 270.

■ James M. Robinson, the surviving son of the grantors, contends that this was a class gift, that the members of the class are "the lawful children of the Grantors," and that the class does not close until the death of the life tenant. (See *Barnhart v. Barnhart*

(1953), 415 Ill. 303, 114 N.E.2d 378.) Any claim here that the grantors intended the class composed of their children to remain open so as to include any children born after the execution of the trust must fail. The grantors expressly ruled out any afterborn children by limiting the term "children" to those born prior to the execution of the trust.

James also asserts the rule that where a grant of an estate to a class is postponed pending the termination of a prior estate, only those members of the class take who are in existence at the time such prior estate terminated. (*Farmer v. Reed* (1929), 335 Ill. 156, 166 N.E. 498.) James reasons that, since William T. Robinson, Jr., did not survive his mother, his remainder interest was divested.

■■ We have no quarrel with the rule governing class gifts as asserted by James. However, we do not agree that this was a class gift to which this rule would be applicable. In *Strohm v. Strohm* (1949), 404 Ill. 453, 89 N.E.2d 383, the Illinois Supreme Court restated the test for determining whether a gift was to a class:

> "If from [the] language it appears that the amounts of their shares are uncertain until the devise or bequest takes effect, the beneficiaries will generally be held to take as a class; but where at the time of making the gifts the number of beneficiaries is certain, and the share each is to receive is also certain, and in no way dependent for its amount upon the number who shall survive, it is not a gift to a class, but to the individuals." (404 Ill. 453, 456-57, 89 N.E.2d 383, 385.)

Here, at the time the trust agreement was drawn and executed, the number of beneficiaries was as certain as though they had been named. Only two lawful children had been born prior to the date of the trust, and, by express provision, no additional children could be added subsequently. Since the remainder was to be divided between the two of them, each would receive one-half. Thus the share each would take was certain. Accordingly, we hold that this was not a class gift but a grant of a remainder interest to the two sons of the grantors as individuals. Since the remainder interest was vested and was not dependent upon survivorship, upon the death of William T. Robinson, Jr., his share passed to his children.

For the reasons stated, we reverse the judgment of the trial court and direct that judgment be entered in favor of David, Lisa, and Michael Robinson in accordance with this opinion.

Reversed with directions.

STOUDER and HEIPLE, JJ., concur.