FRANCES M. DAUER *et al.*, Plaintiffs-Appellants, v. STEVE BUTERA *et al.*, Defendants-Appellees.

First District (5th Division)   No. 1—92—3498

Opinion filed November 4, 1994.

Speranza, Bates & De Pree, of Lake Forest (Carmen V. Speranza, Peter A. Speranza, and Stephen V. Speranza, of counsel), for appellants.

Law Offices of Aaron Spivack and Braun & Rivkin, Ltd., both of Chicago (Lee M. Weisz, of counsel), for appellees.

JUSTICE COUSINS delivered the opinion of the court:

This appeal arises from an action brought by Frances M. Dauer and Richard Adelizzi (plaintiffs), grandchildren of Frances Butera (decedent). Decedent left a will creating a testamentary trust for the life of her son Thomas Butera, with the remainder going to decedent's other children upon Thomas Butera's death. Steven Butera (defendant) is the trustee. Plaintiffs, heirs to deceased children of decedent, commenced an action against defendant for an accounting, removal of the trustee, appointment of a receiver, and damages. Defendant moved to dismiss, arguing that plaintiffs had no rights under the will and thus lacked standing to bring their action. The trial court granted defendant's motion and entered an order dismissing the complaint. The issue presented for review is whether the plaintiffs have standing to sue as heirs to vested remaindermen.

We reverse and remand.

BACKGROUND

Testator Frances Butera died on June 17, 1966. Her testamentary trust provided, in pertinent part:

"All the rest, residue and remainder of my estate, real, personal and mixed of whatsoever nature, character or description, the same may be, I give, devise and bequeath in trust to my daughter CORA ADELIZZI and to my sons CARL BUTERA, and STEVE BUTERA, or the survivor of them, as Trustees, to have and to hold the same subject to the following provisions, purposes, uses and conditions:

a. To collect the rents, issues and profits thereof and after deducting proper expenses, to pay over the net income therefrom to my son THOMAS BUTERA, in quarter-annual installments during the course of his natural life.

b. *Upon the death of my said son Thomas Butera, or in the event that my son Thomas Butera shall fail to survive me, then, at my death, I give, devise and bequeath the residue of my estate to my daughters and sons,* namely: CORA ADELIZZI, CARL BUTERA, KATHERINE MILIANTI, STEVE BUTERA, LE ROY BUTERA and JOSEPH BUTERA, *to be divided equally between them, share and share alike.* In the event that any of my sons or daughters shall pre-decease me, leaving lawful issue him or her surviving, then, and in that event, I give, devise and bequeath to such lawful issue, share and share alike, per stirpes and not per capita, that share of my residuary estate that such daughter or son of mine so dying would have taken if she or he had been living at the time of my death. Should any of my sons or daughters die, no child or children him or her surviving, then, in that event, his or her share of my residuary estate to which such daughter and son would otherwise have been entitled to hereunder, I give, devise and bequeath to my surviving daughters and sons, share and share alike." (Emphasis added.)

All of decedent's children survived her, and thus the italicized portion was the only part of section (b) to be given effect. Thomas Butera (life tenant) died on December 18, 1991. Plaintiff's mother, Katherine Milianti; coplaintiff's mother, Cora Adelizzi; and Carl Butera all predeceased the life tenant.

Defendant, decedent's son, is the trustee of decedent's testamentary trust as the sole surviving trustee named in decedent's will. On August 17, 1992, plaintiffs Dauer and Adelizzi filed a complaint primarily directed against defendant, alleging, *inter alia,* mismanagement and waste of trust assets and self-dealing. On August 18, 1992, plaintiffs filed a petition for a temporary restraining order in an attempt to prohibit defendant from dealing with trust funds or assets in any manner.

Defendant moved to dismiss the petition, arguing that plaintiffs had no interest in the trust estate and, therefore, lacked standing to maintain their action. Defendant claimed the terms of the will required children of decedent to survive the life tenant to be eligible to benefit from the trust.

The trial court agreed with defendant and upon defendant's oral motion ordered the complaint to be dismissed in its entirety. The court stated:

"As I indicated when we commenced, I have had the opportunity to review the testaments [sic] retrust [sic] provision. I have reviewed the motion to dismiss the response and reply. These plaintiffs simply do not have standing under the trust instrument of the Will, under the trust established by the Will. The language to my view is clear, the testamentary language says exactly what she intended and the results are I think clearly followed. She creates a life tenancy in Thomas[.] [O]n her death it was to go to the testator's sons and daughters. If the plaintiffs here were to get any rights under this instrument, it was necessary for one of the testator's sons or daughters to predecease and that never happened. *The remainder is contingent upon the death of the life tenant.* It was contingent until the death of Thomas, and the Smith Case controls. Nothing in the terms of this instrument supports the claim that the grandchildren are to take equally with a son or daughter. Plaintiffs here have lack of standing and the motion to dismiss is granted." (Emphasis added.)

Thus the trial court ordered the entire complaint dismissed for lack of standing. Plaintiff Dauer has appealed.

An opinion was filed by this court on August 12, 1994, but the opinion was withdrawn upon granting appellants' petition for rehearing.

OPINION

■ In the law of future interests, it has been established that only those having a beneficial interest in the subject matter and relief sought are the proper parties to sue. (*Schlosser v. Schlosser* (1993), 247 Ill. App. 3d 1044, 1049, 618 N.E.2d 360.) The crucial issue in the instant case is whether the testamentary trust created a contingent remainder or a vested remainder. The trial court held that the remainder was contingent. Under this finding, the "share and share alike" language of the will required the remainder to be distributed *per capita* upon the death of the life tenant, excluding any bequest to those named who predeceased the life tenant and thus leaving plaintiffs no beneficial interest under the will.

However, if the will left the trust to the children of decedent as a

vested remainder at the time of decedent's death, it would belong to their estate. Decedent's children who predeceased the life tenant would pass on their bequest to their heirs.

■ We disagree with the trial court and find that the testamentary trust created a vested remainder in the children of decedent effective at the time of decedent's death. A remainder is vested if there is a person in being ascertained and ready to take who has a present right of future enjoyment, one which is not dependent upon any uncertain event or contingency. (*Oak Park Trust & Savings Bank v. Baumann* (1982), 108 Ill. App. 3d 322, 328, 438 N.E.2d 1354.) A contingent remainder is one limited to take effect either to an uncertain person or upon an uncertain event. (*Schlosser*, 247 Ill. App. 3d at 1049.) The defendant argues that the death of the life tenant is an uncertain event which makes the testamentary trust a contingent remainder. However, the defendant's definition of "uncertain" is not the law in this State.

■ An interest is vested, rather than contingent, if it takes effect upon an event which must happen at some time. (*Schlosser*, 247 Ill. App. 3d at 1045.) This court stated:

> "Vesting is not delayed until the termination of the life estates for, as the Supreme Court stated in *Barker* [citation]:
>> 'Whenever the person who is to succeed to the estate in remainder is *** ascertained, and the event which by express limitation will terminate the preceding estate is certain to happen, the remainder is vested.' " (*Login v. Newman* (1963), 40 Ill. App. 2d 454, 460, 189 N.E.2d 782, quoting *Barker*, 403 Ill. at 307-08.)

The will in the instant case is almost identical to the one at issue in *Barker*, and we find that case to be controlling. Death is an event which is certain to occur, and thus the Illinois Supreme Court and this court have repeatedly held that a bequest merely postponed until after the death of a life tenant is a vested remainder. *McDonough County Orphanage v. Burnhart* (1955), 5 Ill. 2d 230, 243-44, 125 N.E.2d 625; *Dyslin v. Wolf* (1950), 407 Ill. 532, 542, 96 N.E.2d 485; *Fleshner v. Fleshner* (1941), 378 Ill. 536, 541, 39 N.E.2d 9; *Oak Park Trust*, 108 Ill. App. 3d at 328 ("Only the possessory enjoyment was deferred until Walter O. Baumann's death").

■ Moreover, the will's use of the language "Upon the death of my said son Thomas Butera" did not establish a prerequisite that decedent's children survive the life tenant in order to inherit. "Our courts have repeatedly held that the phrase 'upon death' does not imply the creation of a conditional interest. Such language merely postpones the enjoyment of an interest which vests immediately."

(*Oak Park Trust*, 108 Ill. App. 3d at 328; *Dyslin*, 407 Ill. at 542.) Postponement of the enjoyment of the estate does not affect the vesting of the estate if the postponement is for the purpose of letting in some prior estate and not for reasons personal to the remainderman. *McDonough County Orphanage*, 5 Ill. 2d at 243-44.

■ When no express language conditions inheritance upon survival past the life tenant, we will not imply that condition. "[T]he heirs of a testator cannot be disinherited upon mere conjecture, and when the testator intends to disinherit them he must indicate that intention clearly either by words or by necessary implication." (*Harris Trust & Savings Bank v. Donovan* (1991), 145 Ill. 2d 166, 173, 582 N.E.2d 120.) In *Dyslin*, where an inheritance of real estate was granted to decedent's grandchildren after the deaths of all life tenants, the court stated: "There are no words in the will which express any intention of the testator that the remainder devised to his grandchildren should be postponed, *or that the gift is made contingent upon their survival of the term of the trust.*" (Emphasis added.) *Dyslin*, 407 Ill. at 542.

■ In addition, all remainders are vested unless the will explicitly states the contrary. This court stated:

"Generally, a will becomes effective on the date of the testator's death. [Citation.] The law favors the vesting of estates at the earliest opportunity; estates devised will vest on the testator's death unless a later time for their vesting is apparent from express provisions in the will." (*In re Estate of Knight* (1989), 178 Ill. App. 3d 777, 779, 533 N.E.2d 949.)

"Illinois law favors the vesting of estates generally unless a different intention is manifested by the grantor." (*First Galesburg National Bank & Trust Co. v. Robinson* (1986), 149 Ill. App. 3d 584, 586, 500 N.E.2d 995.) The law favors the vesting of remainder interests at the earliest opportunity. (*Colgan v. Sisters of St. Joseph* (1992), 237 Ill. App. 3d 579, 583, 604 N.E.2d 989; *Oak Park Trust*, 108 Ill. App. 3d at 328.) In the instant case, the will contains no provisions which would lead us to conclude that any remainders did not vest upon the decedent's death.

■ The defendant's reliance on *Smith v. Thayer* (1963), 28 Ill. 2d 363, 192 N.E.2d 375, is misplaced. We agree with defendant that *Smith* mandates that the children of decedent receive their inheritance *per capita*. However, the focus of the instant case is not *how* the children receive their estate but *when* they were indefeasibly vested. *Per stirpes* and *per capita* are merely terms used to designate the method of determining the shares to which the remaindermen are entitled. (*Goodwine State Bank v. Mullins* (1993), 253 Ill. App. 3d

980, 1006, 625 N.E.2d 1056.) We hold that decedent's children were vested remaindermen at the time of decedent's death, and thus their heirs have standing under the will. *Smith* is inapposite and has no bearing whatsoever on that conclusion.

For the foregoing reasons, the trial court's order dismissing plaintiffs' complaint is reversed and set aside, and the cause is remanded for further proceedings in accordance herewith.

Reversed and remanded.

GORDON, J., concurs.

PRESIDING JUSTICE MURRAY, dissenting:

I feel the supreme court case of *Smith v. Thayer* (1963), 28 Ill. 2d 363, 192 N.E.2d 375, applies and there is no indication that the testator intended a *per stirpes* distribution. Accordingly, the plaintiffs lacked adequate standing to maintain the action. I would affirm the trial court.