FIRST DIVISION

July 13, 1998

No. 1-96-3590

IN RE ESTATE OF ) Appeal from the

JEANETTE MENDELSON, DECEASED ) Circuit Court

 ) of Cook County.

(Idelle Port, )

 )

Petitioner-Appellant, )

 )

v. )

 )

Katherine Kaberon, )

Adm'r of the Estate of )

Jeanette Mendelson, Deceased, ) Honorable

 ) FRANK M. SIRACUSA,

Respondent-Appellee). ) Judge Presiding.

PRESIDING JUSTICE BUCKLEY delivered the opinion of the 

court:

This appeal involves a petition brought in a probate proceeding seeking construction of a trust provision concerning the status of a 40% interest in a condominium in which Jeanette Mendelson, the decedent, was the sole beneficiary prior to her death.  The trial court found that the trust provision, which designated the recipient of the 40% interest upon decedent's death, failed or lapsed because Evelyn Jackson, the designated beneficiary, predeceased decedent.  The trial court held that the 40% interest was part of decedent's estate rather than part of the estate of the designated beneficiary.  Petitioner, Idelle Port, an heir to the designated beneficiary's estate, appeals from the trial court's ruling.  The sole issue for our review is whether Evelyn Jackson's interest should pass to the estate of Evelyn Jackson or return to the estate of Jeanette Mendelson. 

Statement of Facts

The following facts are taken from the petition to declare status of real estate filed by Idelle Port and are not contested by the administrator of the estate of Jeanette Mendelson (Estate).  

Jeanette Mendelson (decedent), at the time of her death on November 5, 1994, was the sole beneficiary of an Illinois land trust that held title to a condominium located at 7141 North Kedzie, No. 110, Chicago, Illinois 60645.  An amendment to the trust, dated May 15, 1974, provided:

"JEANETTE MENDELSON with full power to assign any or all right, title or interest herein or otherwise to dispose of any or all of them.  In the event of the death of said JEANETTE MENDELSON during the existence of this trust all such right, title or interest not previously assigned or otherwise disposed of shall vest as follows, to-wit:

An undivided 60% interest in ARTHUR B. MENDELSON

An undivided 40% interest in EVELYN JACKSON"

 Evelyn Jackson died on September 22, 1988, predeceasing decedent by almost six years.  The trustee, Chicago Trust Company, considered the trust agreement ambiguous with regard to the possible lapse of the testamentary gift of 40% interest.  Consequently, Port, who is the daughter of Evelyn Jackson and the niece of decedent, petitioned the court for a declaration of whether the 40% interest was part of decedent's estate or whether it was part of Evelyn Jackson's estate.

On May 29, 1996, the trial court entered an order declaring that the 40% condominium interest was part of decedent's estate.  Port filed a motion to reconsider on July 2, 1996, which was denied on September 17, 1996.  Port now appeals. 

Discussion

Port argues that Jackson's 40% interest was a vested remainder subject to descent or devise and, thus, did not lapse.  We disagree and find that Jackson's interest was not vested at the time of her death and, therefore, reverts to the Estate.

As the Illinois Supreme Court has stated, the central purpose of trust construction is to ascertain the settlor's intent from the trust as a whole and to effectuate that intent if not contrary to public policy.  
Harris Trust & Savings Bank v. Donovan
, 145 Ill. 2d 166, 172 (1991).  Utilizing the same rules of construction as apply to wills and other contracts, we should attempt to determine the settlor's intent solely by reference to the plain language of the trust agreement.  We initially note that the parties both agree that the trust at issue is an Illinois land trust (see 765 ILCS 430/1 (West 1994)) and not a conventional trust.  In a conventional trust, the trustee holds the legal title and the beneficiary holds the equitable title.  
Parkway Bank & Trust Co. v. Northern Trust Co.
, 213 Ill. App. 3d 444, 448 (1991).  In an Illinois land trust, legal and equitable title to real property is held by the trustee and the interest of the beneficiary is personal property.  765 ILCS 430/1 (West 1994);  
Parkway Bank
 & Trust Co.
, 213 Ill. App. 3d at 448-49.  Thus, the trustee is the absolute owner of real estate.  
First National Bank of Barrington, Trust No. 11-1317 v. Oldenburg
, 101 Ill. App. 3d 283 (1981).

Because the instant case involves a land trust and not a conventional trust, the cases cited by Port in support of her argument that Jackson had a vested remainder can all be distinguished since those cases arise from an interpretation of language included by the settlor in a conventional trust.  See 
First Galesburg National Bank & Trust Co. v. Robinson
, 149 Ill. App. 3d 584 (1986) (interpreting language of an 
inter
 
vivos
 trust); 
In re Estate of Capocy
, 102 Ill. App. 3d 609 (1981) (interpreting language of a savings account trust); 
Whalen v. Whalen
, 217 Ill. App. 3d 557 (1991) (interpreting language of will which established a testamentary residuary trust).

In the instant case, the language of the trust agreement is unclear as to whether the beneficiary, Jackson, must survive the settlor, decedent, in order to receive the 40% interest in the land.  Port argues that because there was no requirement in the 1974 amendment that the remaindermen survive decedent, Evelyn Jackson had a vested remainder.  Port asserts that a survivorship requirement cannot be implied in light of the "clear preference in Illinois law for vesting of remainders at the earliest possible date."  One of the cases cited by Port, 
In re Estate of Zukerman
, 218 Ill. App. 3d 325, 332 (1991), discusses the issue of vesting of an interest in an 
inter
 
vivos
 trust:

"The declaration of trust immediately creates an equitable interest in the beneficiary although the enjoyment of that interest is postponed until the death of the settlor."

However, this differs from an Illinois land trust where the trustee retains both legal and equitable title and the beneficiary holds only a personal property interest.  765 ILCS 430/1 (West 1994).  Thus, in the instant case, the equitable element of the title to the 
res
 of the trust could not pass or vest since the decedent did not retain an equitable interest at the time the trust was created.  Since Evelyn Jackson's interest was not vested at the time of her death, such interest reverts to the Estate of decedent.

Conclusion

For the foregoing reasons, we hereby affirm the decision of the circuit court of Cook County.

Affirmed.

O'BRIEN and GALLAGHER, JJ., concur.