CARL J. CULICCHIA, Plaintiff-Appellee, v. JAMES P. HUPFAUER, JR., *et al.*, Defendants-Appellants.

First District (4th Division)   No. 1—07—0245

Opinion filed February 14, 2008.

Hauselman Rappin & Olswang Ltd., of Chicago (Martin F. Hauselman and Elizabeth Monkus, of counsel), for appellant.

Dahl & Bonadies, of Chicago (Paul N. Bonadies and Andrew T. Hays, of counsel), for appellee.

JUSTICE O'BRIEN delivered the opinion of the court:

Defendants James P. Hupfauer, Jr., and LaSalle Bank appeal the order of the circuit court granting summary judgment in favor of plaintiff, Carl J. Culicchia, on his amended complaint in equity for declaratory judgment. The primary issue on appeal is whether the beneficiary of a land trust was required to obtain the consent of his co-beneficiary in order to amend the trust agreement so as to change his successor beneficiary. We hold that the amendment did not require the consent of the co-beneficiary. For the reasons that follow, the grant of summary judgment is affirmed in part and reversed in part.

On December 23, 1992, Anthony N. Culicchia, Sr. (Culicchia Sr.), and James Hupfauer, Sr. (Hupfauer Sr.), executed a land trust agreement for a residential condominium unit. Initially, Columbia National Bank of Chicago was trustee. Defendant LaSalle Bank subsequently

acquired the land trust and became trustee thereof. The trust agreement provided that Culicchia Sr. and Hupfauer Sr. each owned an undivided 50% beneficial interest in the trust. It further provided that in the event of Culicchia Sr.'s death, his 50% interest would pass to his son, Carl J. Culicchia (plaintiff). The trust agreement provided that in the event of Hupfauer Sr.'s death, his 50% interest would pass to Culicchia Sr., but if Culicchia Sr. were to predecease Hupfauer Sr., then Hupfauer Sr.'s 50% interest would pass to plaintiff.

Culicchia Sr. died in March 2000, predeceasing Hupfauer Sr. Consequently, Culicchia Sr.'s 50% interest went to plaintiff. Two months later, on May 13, 2000, Hupfauer Sr. amended the trust agreement, deleting the plaintiff as his successor beneficiary and designating his son, James Hupfauer, Jr. (defendant), as the successor beneficiary of his 50% interest. The amended change further provided that Hupfauer Sr. could "use and consume" the proceeds of his 50% interest and that he could further "amend, alter, or revoke from time to time, any provisions herein made for successors in interest." The amendment was accepted by defendant LaSalle Bank, as trustee.

Hupfauer Sr. subsequently died. Upon discovering the amendment, plaintiff filed an amended complaint for declaratory judgment. Plaintiff sought to have the trial court declare the amendment to the trust agreement invalid, thus making him 100% beneficial owner of the trust property.

The trial court entered orders granting judgment on the pleadings and summary judgment in favor of plaintiff. The trial court found that Hupfauer Sr.'s amendment to the trust agreement was invalid because it was not consented to by the other beneficiaries of the trust and therefore that plaintiff was the 100% beneficial owner of the trust property. On appeal, the appellate court reversed and remanded because the trial court had committed certain procedural errors in entering judgment in favor of plaintiff. See *Culicchia v. Hupfauer*, No. 1—04—1922 (2005) (unpublished order under Supreme Court Rule 23). On remand, the trial court rectified the procedural errors, denied defendants' motion for summary judgment, and again granted summary judgment in favor of plaintiff. Defendants filed this timely appeal.

Defendants contend that the trial court erred in granting summary judgment for plaintiff on his amended complaint for declaratory judgment. Defendants contend that, contrary to the trial court's ruling, Hupfauer Sr. validly changed his successor beneficiary to defendant Hupfauer Jr. and, therefore, that Hupfauer Jr. should be declared the 100% beneficial owner of the trust property.

Summary judgment is appropriate where the pleadings, deposi-

tions and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Adams v. Northern Illinois Gas Co.*, 211 Ill. 2d 32, 43 (2004). Review is *de novo. Adams*, 211 Ill. 2d at 43.

■ The trust at issue is an Illinois land trust (see 765 ILCS 430/1 (West 2000)), not a conventional trust. "The Illinois land trust is a device by which real property is conveyed to a trustee under an arrangement reserving to the beneficiary the full management and control of the property. [Citation.] The trustee agrees to deal with the *res* of the trust only upon the direction of the beneficiary or person named as having the power of direction and is not required to inquire into the propriety of any direction received. [Citation.] The beneficiary retains the power of direction to deal with the title, to manage and control the property, to receive proceeds from sales, mortgages, rentals and avails of the property, and to exercise all rights of ownership, including possession, other than dealing with or holding the legal title. [Citations.]" *IMM Acceptance Corp. v. First National Bank & Trust Co.*, 148 Ill. App. 3d 949, 954 (1986).

In a conventional trust, the trustee holds the legal title while the beneficiary holds the equitable title. *In re Estate of Mendelson*, 298 Ill. App. 3d 1, 3 (1998). In an Illinois land trust, however, the trustee holds both legal and equitable title to the real property; the interest of the beneficiary is personal property. *Mendelson*, 298 Ill. App. 3d at 3.

Consistent with the Illinois case law cited above, the land trust agreement at issue here expressly states:

"IT IS UNDERSTOOD AND AGREED between the parties hereto, and by any person or persons who may become entitled to any interest under this trust, that the interest of any beneficiary hereunder shall consist solely of a power of direction to deal with the title to said property and the right to manage, possess, use and control the property and the right to receive the proceeds from rentals and from mortgages, sales or other disposition of said premises, *and that such right in the avails of said property shall be deemed to be personal property, and may be assigned and transferred as such.*" (Emphasis added.)

The land trust agreement contains no language restricting the right of the beneficiaries to transfer their respective 50% beneficial interest in the land trust, nor is there any provision requiring a beneficiary to receive the consent of the co-beneficiary before transferring his interest or changing his successor beneficiary thereto.

Thus, Hupfauer Sr.'s 50% beneficial interest in the land trust was his personal property, which he had an absolute right to dispose of

during his lifetime in any manner he saw fit. *Payne v. River Forest State Bank & Trust Co.*, 81 Ill. App. 3d 1128, 1130 (1980). As such, Hupfauer Sr. was well within his right to change his successor beneficiary of said 50% beneficial interest to his son (defendant Hupfauer Jr.)

In reaching the opposite conclusion, the trial court in the present case found:

> "It is well established that a settlor of a trust cannot modify or revoke a trust unless he has reserved the power to do so in the trust agreement. *Williams v. Springfield Marine Bank*, 131 Ill. App. 3d 417, 419 (1985); *Mortimer v. Mortimer*, 6 Ill. App. 3d 217, 222 (1972). If the settlor does not by the terms of the trust reserve the power to modify the trust, he cannot modify it after its creation by changing or eliminating the interest of any beneficiary in the trust property without the consent of all the beneficiaries. *Williams*, 131 Ill. App. 3d at 420."

■ Plaintiff contends that the trial court correctly relied on *Williams v. Springfield Marine Bank*, 131 Ill. App. 3d 417 (1985), and *Mortimer v. Mortimer*, 6 Ill. App. 3d 217 (1972), in finding that Hupfauer Sr.'s amendment of his successor beneficiary was invalid without the consent of his co-beneficiary. *Williams* and *Mortimer* are inapposite, though, as they involved conventional trusts, *not* a land trust like the one at issue here.

Plaintiff argues that our supreme court has held "land trusts are to be treated no differently from any other trust" (*Home Federal Savings & Loan Ass'n of Chicago v. Zarkin*, 89 Ill. 2d 232, 239 (1982)) and, therefore, the settled principles of trust law as espoused in *Williams* and *Mortimer* apply here. Plaintiff's argument is not well taken. In *Home Federal Savings*, our supreme court addressed whether an Illinois land trustee who also serves as a secured creditor breaches its fiduciary duty of loyalty to the beneficiary when it purchases trust property following foreclosure. The supreme court began its analysis by comparing the Illinois land trust with other trusts. Then the supreme court held in pertinent part:

> "[A]ll these trusts have a common feature: each has a trustee (or trustees) and each has beneficiaries. We consider that, at least as to matters touching this relationship—which is, after all, the core of a trust—land trusts are to be treated no differently from any other trust. *** Land trustees in Illinois, therefore, are subject to the fiduciary duties imposed by the law on all trustees; and the general principles of trust law regarding these duties govern the decision of this case." *Home Federal Savings*, 89 Ill. 2d at 239.

*Home Federal Savings* is inapposite, as the present case does not involve the behavior of the trustee, to whom the general trust

principles of fiduciary duty apply; rather, this case involves the amendment of a successor beneficiary. As discussed, in the absence of any restrictions in the trust agreement, Hupfauer Sr. was within his right to transfer his beneficial interest and to amend his successor beneficiary.

Accordingly, with respect to Hupfauer Sr.'s right to amend the successor beneficiary of his 50% beneficial interest in the land trust, we reverse the grant of summary judgment in favor of plaintiff and enter summary judgment in favor of defendants. To reiterate, since Hupfauer Sr.'s amendment was valid, Hupfauer Jr. and plaintiff each now have a 50% beneficial interest in the land trust.

Defendants make no argument on appeal with respect to Hupfauer Sr.'s other amendments to the land trust agreement, in which he sought to alter the terms governing how he was entitled to use the proceeds of the trust and the manner in which he could amend the terms of the trust in the future. Accordingly, defendants have waived review thereof. See 210 Ill. 2d R. 341(h)(7). Therefore, as to those other amendments, we affirm the grant of summary judgment in favor of plaintiff. The purported amendments altering the use of the trust proceeds and the manner of amending the terms of the trust are invalid.

Affirmed in part and reversed in part.

NEVILLE, P.J., and CAMPBELL, J., concur.